GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy (#134180)
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310)201-9150
Facsimile: (310)201-9160
E-mail: info@glancylaw.com

*Proposed Liaison Counsel*

SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.
Joel P. Laitman
Christopher Lometti
Ashley Kim
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046

*Proposed Lead Counsel for the Class and Attorneys for the Detectives' Endowment Association Annuity Fund*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

PETER RUDOLPH, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

UT STARCOM, HONG LIANG LU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON,

Defendants.

**Civil Action No. 07-CV-4578 (SI)**

Date: December 14, 2007
Time: 9:00 a.m.
Courtroom: 10

**MEMORANDUM OF LAW IN SUPPORT OF THE DETECTIVES' ENDOWMENT ASSOCIATION ANNUITY FUND'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

The Detectives' Endowment Association Annuity Fund (the "Fund") respectfully submits this memorandum of law in support of its motion for: (i) consolidation of any and all subsequent cases filed in this District which allege one or more common questions of law or fact with the above-captioned action (the "Related Actions"); (ii) appointment of the Fund as Lead Plaintiff; and (iii) approval of Schoengold Sporn Laitman & Lometti, P.C. ("SSLL") as Lead Counsel and Glancy Binkow & Goldberg LLP ("GBG") as Liaison Counsel.

## I.
## INTRODUCTION

Currently, there is one securities class action pending against UT Starcom, et al., ("UT Starcom" or the "Defendants") (the "Action")[1]: *Rudolph v. UT Starcom, et al.*, 07-CV-4578. The Action alleges, inter alia, that Defendants violated the federal securities laws.

The first notice of pendency of class action in this Action was published pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in a national business-oriented wire service on September 5, 2007 (*See* Declaration of Lionel Z. Glancy in Support of the Within Motion (the "Glancy Dec."), Exhibit

[1] The court in *In re UTStarcom, Inc. Securities Litigation*, No. C-04-4908 (N.D. Cal.) ("*In re UTStarcom*") has not yet ruled on the *In re UTStarcom* lead plaintiffs' September 20, 2007 Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11.

("Ex.") A). This motion is being filed within 60 days from the date of publication of that first notice.

As set forth in the Certification of Securities Class Action Complaint (annexed as Ex. B to the Glancy Dec.), the Fund expended approximately $358,357.82 to purchase 16,600 shares of UT Starcom during the Class Period. *See* Glancy Dec., Ex. C. Accordingly, it is respectfully submitted that the Court should consolidate the Related Actions, appoint the Fund as Lead Plaintiff most capable of adequately representing the interests of the Class and approve the Fund's selection of SSLL as lead counsel and GBG as liaison counsel. Both SSLL and GBG have extensive experience in securities fraud litigation and have won many important victories for injured shareholders. *See* Glancy Dec., Exs. D and E.

## II.

## THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The Action alleges securities claims against UT Starcom and certain officers. Any and all subsequent cases filed in this District which allege one or more common questions of law or fact with the above-captioned action should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure ("when actions involving a common question of law or fact are pending before the court, it may order all the actions consolidated . . . and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay").

## III.
## THE FUND IS THE MOST ADEQUATE PLAINTIFF UNDER THE EXCHANGE ACT

On December 22, 1995, Congress enacted Public Law 10467, entitled the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The PSLRA amends the Securities Exchange Act (the "Exchange Act") to include a new Section 21D, that, *inter alia*, sets forth a detailed procedure for selecting the lead plaintiff to oversee class actions brought under the federal securities laws.

Section 21D(a)(3)(B)(i) of the Exchange Act directs the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Section 21D(a)(3)(B)(iii) requires a presumption that the most adequate plaintiff:

> (aa) has either filed the complaint or made a motion in response to a notice under [the PSLRA];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii).

The goal of Congress in enacting this provision was to "empower investors" to "have the greater control over class action cases." See "Private Securities Litigation Reform Act of 1995 -- Conference Report," 141 Cong. Rec. S17933-97, at S17956 (daily ed. Dec. 5, 1995).

The Fund is an institutional investor that has fallen prey to the savvy and corrupt tactics employed by the Defendants. House Commerce Committee Chairman Thomas Bailey has emphasized that the PSLRA "put control of class action lawsuits back in the hands" of "real shareholder" -- the Fund. *See* "Private Securities Litigation Reform Act of 1995 – Conference Report," 141 Cong. Rec. H14039-52, at H14039 (daily ed. Dec. 6, 1995).

Moreover, in order to reduce "lawyer-driven" litigation, "through the PSLRA, Congress has clearly expressed its preference for securities fraud litigation to be directed by large institutional investors." *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997). *See also*, *Sakhrani v. Brightpoint*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The PSLRA was enacted with the explicit hope that institutional investors would step forward to represent the class and exercise effective management and supervision of the class lawyers"). By appointing the Fund as Lead Plaintiff in this case, the Court would be fulfilling one of Congress's major aims in passing the PSLRA, namely giving institutional investors an increased role in securities class actions.

MEMORANDUM OF LAW IN SUPPORT OF THE DETECTIVES' ENDOWMENT ASSOCIATION ANNUITY FUND'S NOTICE OF MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - 5

In addition, the Fund has a major financial stake in this litigation. As set forth more fully in the Fund's Certification of Securities Class Action Complaint, the Fund expended approximately $358,357.82 to purchase 16,600 shares of UT Starcom during the Class Period and lost approximately $154,752.30 as a result of the wrongful conduct alleged. *See* Glancy Dec., Exs. B and C. Thus, the Fund is precisely the type of investor that should be appointed as Lead Plaintiff in the consolidated action.

Section 21D(a)(3)(B) of the Exchange Act further provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing the lead plaintiff, "of the four prerequisites to class certification, the focus is only on the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements." *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (citation omitted); *see also*, *Gluck v. CellStar Corp.*, 976 F. Supp.

542, 546 (N.D. Tex. 1997). As a general rule, a plaintiff's claim meets the typicality requirement if it is both legally and factually similar and arises out of the same events or course of conduct that gives rise to the claims of the other class members. This does not require that the claims be identical, but there must be some common question of fact or law. *See In re Independent Energy Holdings PL*C Sec. Litig., 2002 U.S. Dist. LEXIS 9359, at *12 (S.D.N.Y. May 28, 2002) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Here, the Fund's claims are typical, if not identical, to the claims of the members of the Class. As set forth above, the losses suffered by the Fund resulted from Defendants' common course of conduct which violated the Exchange Act by publicly disseminating materially false and misleading information. Thus, the Fund satisfies the typicality requirement.

Further, Section 21D(a)(3)(B)(iii) of the Exchange Act directs the Court, in evaluating the adequacy of a proposed lead plaintiff, to limit its inquiry to the existence of any conflicts between the interests of the proposed representative and members of the class, and allows the lead plaintiff to retain counsel of their choice to represent the Class "subject to the approval of the court." See Exchange Act § 21D(a)(3)(B)(v). The adequacy standard is met where (1) the named plaintiff has interests common with the Class' interests; and (2) the representatives will vigorously pursue the interests of the Class through qualified counsel. *Baffa v.*

*Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000) (citing *Drexel*, 960 F.2d at 291).

As set forth above, the Fund's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between its interests and those of the Class. The Fund shares numerous common questions of law and fact with the members of the Class, and its claims are typical of the members of the Class. Further, the Fund has retained competent counsel to represent it in this case. Thus, the alignment of interests between the Fund and the Class and the skill of the Fund's chosen counsel favor granting the instant motion.[2]

## IV.
## THE COURT SHOULD APPROVE THE FUND'S CHOICE OF COUNSEL AS LEAD COUNSEL

The amendments to the Exchange Act vest authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the court. See Exchange Act §21D(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. In the present case, the Fund has retained SSLL as Lead Counsel to pursue this litigation

[2] It is obvious that the requirements of numerosity and the common questions of law or fact are met as all purchases arose as a result of Defendants' false and misleading misstatements and omissions regarding UT Starcom's backdating of stock option grants. Millions of shares valued in the millions of dollars were sold to many thousands of investors. The misrepresentations and omissions are contained in common documents, *i.e.*, filings with the SEC and announcements to the investing public.

on its behalf. As stated above, SSLL has extensive experience in securities fraud litigation. As a result, the Fund's choice of counsel should not be disturbed.

**V.**

**CONCLUSION**

For all the foregoing reasons, the Fund respectfully requests that the Court grant the instant motion and:

(i) consolidate the Related Cases for all purposes, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

(ii) appoint the Fund as Lead Plaintiff in the above-captioned action and in the actions to be consolidated herewith pursuant to Section 21D(a)(3)(B) of the Exchange Act;

iii) approve the Fund's choice of counsel and appoint SSLL as Lead Counsel and GBG as Liaison Counsel pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act; and

iv) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 5, 2007

**GLANCY BINKOW & GOLDBERG LLP**

By: s/ *Lionel Z. Glancy*
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Proposed Liaison Counsel*

Joel P. Laitman (JL-8178)
Christopher Lometti (CL-9124)
Ashley Kim (AK-0105)
**SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**
19 Fulton Street, Suite 406
New York, NY 10038
Telephone: (212) 964-0046

*Proposed Lead Counsel for the Class and Attorneys for the Detectives' Endowment Association Annuity Fund*