**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER RUDOLPH, Individually and on Behalf of All Others Similarly Situated, ) | **Civil Action No. 07-CV-4578 (SI)** |
| Plaintiff, ) | |
| vs. ) | |
| UT STARCOM, HONG LIANG LU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON, ) | |
| Defendants. ) | Date: December 14, 2007 Time: 9:00 a.m. Courtroom: 10 |

**[PROPOSED] PRETRIAL ORDER NO. 1**

Counsel for movant the Detectives' Endowment Association Annuity Fund (the "Fund") having moved for consolidation, appointment of Lead Plaintiff, and approval of Lead Counsel and Liaison Counsel, and due deliberation having been given by the Court,

IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:

**I.    ORDER OF CONSOLIDATION**

A.    Any and all subsequent cases filed in or transferred to this District which allege one or more common questions of law or fact with the above-captioned action (the "Related Actions") shall be considered consolidated for all purposes, including pretrial proceedings and trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, with Civil Action 07-CV-4578, if, as, and when it is drawn to the Court's attention.

## II.    MASTER DOCKET, MASTER FILE AND CAPTION OF CASES

A.    The docket in Civil Action No. 07-CV-4578 shall constitute a Master Docket for the consolidated pretrial proceedings in the above-captioned action and any other actions hereafter filed in or transferred to this district and consolidated with Civil Action 07-CV-4578 (hereinafter referred to as the "Consolidated Actions").    Separate dockets also shall be maintained for each of the other individual actions consolidated hereunder (hereinafter the "Individual Actions") and entries shall be made therein in accordance with the procedure set forth below.

B.    The file in Civil Action No. 07-CV-4578 shall constitute a Master File in all of the Consolidated Actions.  The Clerk shall establish a separate file for each of the other Consolidated Actions under the docket number already assigned to each, and filings shall be made therein in accordance with the procedure set forth below.

C.    Every document filed in any of the Consolidated Actions shall bear the following caption:

```
-----------------------------------------------x
IN RE UT STARCOM INC.                     :
SECURITIES LITIGATION II                  :   MASTER FILE NO. 07-CV-4578
                                          :   AND RELATED CASES
-----------------------------------------------x
THIS DOCUMENT RELATES TO:                 :
                                          :
-----------------------------------------------x
```

D.      When a paper is intended to be applicable to all of the Consolidated Actions, the words "All Actions" shall appear immediately below the words "This document relates to:" in the caption set out above.  When a paper is intended to be applicable only to some but not all of the actions, the name of the plaintiff and the docket number of each Individual Action to which the paper is intended to be applicable shall appear immediately below the words "This document relates to:" in the caption described above.

E.      When a paper is filed and the caption shows that it is to be applicable to "All Actions," the Clerk shall file such paper in the file for Civil Action No. 07-CV-4578 (Master File) only and note such filing in the docket for such action (Master Docket).  No further papers need be filed or docket entries made.  When a paper is filed and the caption shows that it is to be applicable to less than all of the Consolidated Actions, the Clerk shall file a copy of such paper in the Master File and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action.  It shall be the responsibility of the party filing such paper to supply the Clerk with sufficient copies of any such paper to facilitate his compliance with the directions of this paragraph.

## III.   SUBSEQUENTLY FILED OR TRANSFERRED RELATED ACTIONS

A.      When a case related to the subject matter of the complaints referred to

herein, now referred to as *In re UT Starcom Inc. Securities Litigation II*, is

hereafter filed in this Court or transferred here from another court and assigned to

the Honorable Susan Illston, the Clerk of this court shall:

        1.     place a copy of this Order in the separate file for such action;

        2.     e-mail a Notice of Electronic Filing and/or mail a copy of the

order of assignment to plaintiffs' Lead Counsel and Liaison Counsel and to

counsel for defendants in the consolidated actions;

        3.     e-mail a Notice of Electronic Filing and/or mail to the attorneys

for the plaintiff(s) in the newly filed or transferred case a copy of this Order and to

any new defendant(s) in the newly filed or transferred case; and

        4.     make an appropriate entry in the Master Docket.

B.     This Court requests the assistance of counsel in calling to the attention

of the Clerk of this Court the filing or transfer of any case which might properly be

consolidated as a part of the *In re UT Starcom Inc.  Securities Litigation II*.

## IV.   APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES

A.     This Pretrial Order No. 1 shall apply to each related action which is

subsequently filed in this Court or transferred to this Court unless a party objecting

to the consolidation of such case or to any other provision of this Order shall,

within ten (10) days after the date upon which a copy of this Order is e-mailed

and/or mailed by the Clerk, file an application for relief from this Order or any provision herein.

B.    All subsequent pretrial orders issued in these proceedings shall be numbered consecutively.  Any reference to an order of this Court in any document filed with the Court shall include the proper number of the Order.

## V.    ADMISSION OF ATTORNEYS

All attorneys for plaintiffs and defendants who are members in good standing of their respective Bars may appear and participate in the Consolidated Actions *pro hac vice* upon compliance with the rules of this Court.

## VI.    RULES OF PROCEDURE

Except as otherwise provided herein or by further order of the Court, the rules of the United States District Court for the Northern District of California shall govern all further proceedings in these actions.

## VII.    LEAD PLAINTIFF

Pursuant to Section 21D(a)(B)(V) of the Securities and Exchange Act of 1934, the Lead Plaintiff shall be the Detectives' Endowment Association Annuity Fund (the "Fund"), who hereby selects as Lead Counsel and Liaison Counsel the counsel named in Section VIII below.

## VIII.    ORGANIZATION OF CLASS ACTION PLAINTIFFS' COUNSEL

A.    The organizational structure of class action plaintiffs' counsel

established hereunder shall apply to all class action plaintiffs' counsel in all Consolidated Actions.

B.      The law firm of Schoengold Sporn Laitman & Lometti, P.C. shall be Lead Counsel.

C.      The law firm of Glancy Binkow & Goldberg LLP shall be Liaison Counsel.

D.      Lead Counsel shall be responsible for coordinating and organizing plaintiffs in the conduct of this litigation and, in particular, shall:

        1.      coordinate plaintiffs' pretrial activities and plan for trial;

        2.      coordinate the briefing and argument of motions;

        3.      coordinate the initiation and conduct of discovery proceedings;

        4.      act as spokesperson at pretrial conferences;

        5.      negotiate with defense counsel with respect to settlement and other matters;

        6.      call meetings of plaintiffs' counsel when appropriate;

        7.      make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

        8.      coordinate and direct the preparation for a trial of this matter, and delegate work responsibilities to selected counsel as may be required;

9.    consult with and employ experts;

10.    maintain lists of all class action plaintiffs who have appeared in this action and their addresses and lists of all class action plaintiffs' counsel and their addresses;

11.    coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph; and

12.    perform such other duties and undertake such other responsibilities as they deem necessary or desirable.

E.    No pleadings or other papers shall be filed or discovery conducted by class action plaintiffs in the Consolidated Actions except through Lead Counsel and Liaison Counsel.  This is intended to prevent duplication of pleadings and discovery.  All pleadings or other papers filed with the Court on behalf of class action plaintiffs shall be filed through Lead Counsel and Liaison Counsel.

F.    Lead Counsel shall be the primary contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel unless Lead Counsel designates otherwise.  They shall also be primarily responsible for communicating with the Court to coordinate the conduct of the litigation.

G.    All plaintiffs' counsel in the Consolidated Actions shall submit to Lead Counsel a record of time expended and expenses incurred in the manner, form and frequency directed by Lead Counsel.

## IX. <u>COORDINATION AND CONSOLIDATION OF DISCOVERY</u>

A.      Neither plaintiffs nor defendants in any of the Consolidated Actions shall file duplicative or overlapping discovery requests.  Both sides shall use their best efforts to file consolidated discovery requests.

## X. <u>SERVICE OF PLEADINGS AND OTHER PAPERS</u>

A.      Defendants' counsel shall effect service of papers on plaintiffs' counsel by filing the same on the Electronic Case Filing System ("ECF").  When ECF is not applicable or available, Defendants' counsel shall serve a copy of the same on plaintiffs' Lead Counsel by overnight mail service, telecopy, hand delivery or by first-class mail (with simultaneous telecopy), and upon other plaintiffs' counsel by first-class mail.  Lead Counsel and or Liaison Counsel shall effect service of papers on defendants by filing the same on ECF, and, when ECF is not applicable or available, by serving a copy of the same on defendants' counsel by overnight mail service, telecopy, hand delivery or first-class mail (with simultaneous telecopy).

B.      If defendants file a single pleading or other paper directed to all plaintiffs in the consolidated cases, the response on behalf of the plaintiffs shall be made in a single pleading or other paper to be served by Lead Counsel and or Liaison Counsel.  All plaintiffs in the consolidated action shall be bound by that pleading or paper.

## XI.    <u>FURTHER PROCEEDINGS</u>

Unless otherwise agreed to by the parties and the Court or ordered by the Court:

A.    Lead plaintiff shall serve and file a Consolidated and Amended Class Action Complaint not later than sixty (60) days following entry of Pretrial Order No. 1. Such complaint will supersede any complaints previously filed in any of the heretofore filed actions and will be deemed the authoritative complaint superseding all complaints filed in any of the actions consolidated hereunder or in any related case.

B.    Defendants shall answer, move or otherwise respond to the Consolidated and Amended Class Action Complaint within sixty (60) days of its service, and shall not be required to respond to any complaints previously filed in the actions consolidated hereunder.

C.    In the event defendants file a Motion to Dismiss the Consolidated and Amended Class Action Complaint, Lead Plaintiff shall serve and file a Response within sixty (60) days, and defendants may file a Reply within thirty (30) days thereafter.

D.    In the event defendants file a Motion to Dismiss the Consolidated and Amended Class Action Complaint, Lead Plaintiff will refrain from and not be required to file and serve a Motion for Class Action Determination until the

resolution of said Motion to Dismiss.

E.    Lead Plaintiff shall file and serve a Motion for Class Action Determination within thirty (30) days following service of defendants' answer. Defendants shall have thirty (30) days to file their memorandum of law and supporting papers in opposition to the motion for class certification. Lead Plaintiff shall then have thirty (30) days after service of the opposing memorandum within which to file a reply memorandum. The class certification motion will be returnable on a date to be set by the Court.

## XII.    PROTECTIVE ORDER

The parties shall submit to the Court on or before thirty (30) days following the entry of an order denying a motion to dismiss or service of an answer, a stipulated form of order providing for the confidential treatment of certain documents and information provided by the parties to one another in this litigation or, should the parties be unable to do so, their respective proposals regarding such confidential treatment.

## XIII.    DOCUMENT PRESERVATION

A.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail,

containing information which is relevant to the subject matter of the pending litigation.

## XIV.  **MISCELLANEOUS**

A.    Counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in the Consolidated Actions.

B.    Any exchange or disclosure of information or documents between or among counsel for class action plaintiffs or among counsel for defendants in connection with the Consolidated Actions shall not be construed as a waiver of any attorney-client, work product, or other privilege.

C.    This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification of or exception to this Order.


Dated: _____, 2007        _____
                                 Honorable Susan Illston
                                 United States District Judge

1

2   Submitted by:

3

4   **GLANCY BINKOW & GOLDBERG LLP**

5   Lionel Z. Glancy (#134180)
    1801 Avenue of the Stars, Suite 311
6   Los Angeles, CA 90067
    Telephone: (310) 201-9150
7   Facsimile: (310) 201-9160

8
    *Proposed Liaison Counsel*
9

10  Joel P. Laitman (JL-8178)
    Christopher Lometti (CL-9124)
11  Ashley Kim (AK-0105)

12  **SCHOENGOLD SPORN LAITMAN &**
    **LOMETTI, P.C.**
13  19 Fulton Street, Suite 406
14  New York, NY 10038
    Telephone: (212) 964-0046
15

16  *Proposed Lead Counsel for the Class*
17  *and Attorneys for the Detectives'*
    *Endowment Association Annuity Fund*
18

19

20

21

22

23

24

25

26

27

28