Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

[Proposed] Lead Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER RUDOLPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UT STARCOM, HONG LIANG LU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON,<br><br>Defendants. | Case No. 3:07-CV-04578-SI<br><br>**JAMES R. BARTHOLOMEW'S OPPOSITION TO THE DETECTIVES' ENDOWMENT ASSOCIATION ANNUITY FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>**DATE:** December 14, 2007<br>**TIME:** 9:00 a.m.<br>**COURTROOM:** 10<br>**JUDGE:** Hon. Susan Illston |

Movant, James R. Bartholomew ("Mr. Bartholomew" or "Movant") respectfully submits this opposition to the competing motion for appointment of lead plaintiff filed by the Detectives Endowment Association Annuity Fund (the "Fund"). Specifically, Mr. Bartholomew asks that theCourt deny the Fund's motion and instead approve his own motion. Mr. Bartholomew has a significantly larger loss than the Fund. Further, Mr. Bartholomew is a typical and adequate representative of the Class, while the Fund, with no viable claim, is not. Thus, Mr. Bartholomew's Motion for Appointment as Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Counsel should be granted and the Fund's motion should be denied.

## INTRODUCTION

Presently pending in the above-captioned case are two motions for appointment as Lead Plaintiff and for approval of selection of Lead Counsel. One individual, Mr. Bartholomew, has moved, as well as one institutional investor, the Fund, for appointment as lead plaintiff. The current movants and their respective losses are as follows:

| PROPOSED LEAD PLAINTIFF | LOSSES | PROPOSED LEAD COUNSEL | NUMBER OF SHARES STILL OWNED BY MOVANT |
|---|---|---|---|
| James R. Bartholomew | $2,106,513.00 | Finkelstein Thompson LLP | 300,000 |
| Detectives' Endowment Assoc. Annuity Fund | $154,752.30 | Schoengold Sporn Laitman & Lometti, P.C. | 0 |

### I. THE FUND'S FINANCIAL INTEREST IN THIS LITIGATION IS DWARFED BY MR. BARTHOLOMEW'S

The PSLRA directs courts to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). The court must consider three factors in appointing a lead plaintiff: (1) whether the movant has either filed the complaint or made a motion in response to a notice; (2) whether the movant has the largest financial interests in

the relief sought by the class; and (3) whether the movant otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.* at § 78u-4(3)B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002). Simply stated, the court must determine who "has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730.

Based on the calculations accompanying their respective lead plaintiff motions, Mr. Bartholomew has a significantly larger loss than the Fund. Mr. Bartholomew's calculated loss amounts to $2,106,513, while the Fund's amounts to $154,752.30. Thus, Mr. Bartholomew's loss surpasses that of the Fund by $1,951,760.70. However, as discussed below, Mr. Bartholomew contends that the Fund has no financial interest in this litigation, as it liquidated its shares prior to any corrective disclosure.

The Ninth Circuit does not have a uniform or mandatory rule for calculating financial interest. *See Cavanaugh*, 306 F.3d at 730 n.4 (stating that the court did "not decide the scope of the district court's discretion in determining which plaintiff has the greatest financial interest in the litigation"). The Northern District of California has adopted a four-factor test to identify the plaintiff with the largest financial interest. The four factors to be considered are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Casden v. HPL Techs. Inc.*, 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sept. 29, 2003); *see also In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Applying the four-factor test here, Mr. Bartholomew unquestionably prevails on all factors: (1) Mr. Bartholomew purchased 300,000 shares, while the Fund purchased only 16,600; (2) Mr. Bartholomew was a net purchaser of 300,000 UTStarcom shares during the Class Period, as he did not make any sales during this time frame, while the Fund's net share purchase during the Class Period totals zero, as it sold all of its shares in 2005; (3) Mr. Bartholomew expended $3,052,389.00 while the Fund expended $358,357.82; and (4) Mr. Bartholomew's approximate

loss is $2,106,513.00, while the Funds approximates its loss as $154,752.30 – however it does not appear that any of the Fund's loss was attributable to UTStarcom's options backdating.

Thus, Mr. Bartholomew has a significantly larger financial interest in this litigation than the Fund and prevails over the Fund on every prong of the *Casden* four factor test. As such, Mr. Bartholomew is the presumptive most adequate lead plaintiff, and the Fund's motion should be denied.

## II. THE FUND CANNOT SATISFY THE REQUIREMENTS OF RULE 23

In the Ninth Circuit, once a court "determines which plaintiff has the biggest stake, the [district] court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 732. Unlike the Fund, Mr. Bartholomew's claim is typical as it arises from the same conduct giving rise to the claims of the class. *See In re Lucent Techs., Inc. Sec. Litig.*, 194 F.R.D. 137, 150 (D.N.J. 2000). Mr. Bartholomew also satisfies the adequacy requirement. He has sufficient interest in the case's outcome to ensure vigorous advocacy for the class. Further his interests are not antagonistic to those of the absent class members in any manner.

The Fund is neither a typical nor an adequate representative of the Class. Under the principles articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, the Fund simply cannot properly allege a claim for securities fraud in connection with UTStarcom's options backdating. 544 U.S 336 (2005). In *Dura*, the Supreme Court held impermissible the Ninth Circuit's inflation-only approach to loss causation, since "as a matter of pure logic, at the moment the transaction takes place, the plaintiff has suffered no loss; the inflated purchase payment is offset by ownership of a share that *at that instant* possess equivalent value." *Id.* at 338-46 (emphasis in original).

Under *Dura*, purchasers who sell their shares and liquidate their position entirely prior to the dissemination of corrective disclosures cannot satisfy the element of loss causation, in that they cannot allege any diminishment in the value of their securities that was caused by the revelation of the fraud. *See id.* Here, the Fund sold all of its UTStarcom shares in two

transactions on March 8, 2005 and April 4, 2005. These sales took place months before *any* corrective disclosures relating to the options backdating allegations at issue in this matter.[1] Thus, the Fund does not have a viable claim as it did not hold any of its shares through a corrective disclosure. As such, the Fund cannot satisfy the adequacy or typicality requirements of Rule 23, and its motion cannot be granted. *See Cornerstone Propane Partners, L.P. Sec. Litig.*, No. C-03-2522, 2006 WL 1180267 (N.D. Cal. May 3, 2006)(holding that shareholders who sold their stock prior to the first corrective disclosure did not suffer any loss and could not be part of the class); *see also Kops v. NVE Corp.*, No. Civ. 06-574 et al., 2006 WL 2035508 (D. Minn. July 19, 2006) (finding that a plaintiff who had sold all of his shares prior to the corrective disclosure had not suffered any loss as a result of defendants' actions).

## CONCLUSION

Mr. Bartholomew is clearly the most adequate movant to fulfill the lead plaintiff role in this litigation. He filed a timely motion for appointment. His financial interest in the litigation far outweighs that of the Fund's. And, he is a typical and adequate representative for the class under Rule 23, unlike the Fund who do not possess a viable claim under *Dura*. Thus, this Court should deny the Fund's motion and grant Mr. Bartholomew's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Counsel, filed with this Court on November 5, 2007.

/

/

/

/

/

---

[1] The *Rudolph* complaint alleges three corrective disclosure dates: (1) November 7, 2006; (2) February 1, 2007; and (3) July 24, 2007. The Fund did not own any UTStarcom shares on any of these dates.

| | | |
|---|---|---|
| 1 | Dated: November 21, 2007 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Mark Punzalan |
| | | Mark Punzalan |
| 4 | | **FINKELSTEIN THOMPSON LLP** |
| 5 | | 100 Bush Street |
| | | Suite 1450 |
| 6 | | San Francisco, California 94104 |
| | | Telephone: 415.398.8700 |
| 7 | | Facsimile: 415.398.8704 |
| 8 | | - and - |
| 9 | | Donald J. Enright |
| | | Elizabeth K. Tripodi |
| 10 | | **FINKELSTEIN THOMPSON LLP** |
| | | 1050 30th Street, NW |
| 11 | | Washington, D.C. 20007 |
| | | Telephone: 202.337.8000 |
| 12 | | Facsimile: 202.337.8090 |
| 13 | | |
| 14 | | *[Proposed] Lead Counsel* |

-6-

BARTHOLOMEW OPP. TO DET. ENDOW. ASSOC. ANN. FUND
MTN. FOR L.P.
CASE NO. 3:07-CV-04578-SI