GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy (#134180)
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Plaintiff Detectives'*
*Endowment Association Annuity Fund*
*and Proposed Liaison Counsel*

SCHOENGOLD SPORN LAITMAN
  & LOMETTI, P.C.
Joel P. Laitman
Christopher Lometti
Ashley Kim
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046

*Proposed Lead Counsel for the Class*
*and Attorneys for the Detectives'*
*Endowment Association Annuity Fund*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER RUDOLPH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UTSTARCOM, HONG LIANG LU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON,<br><br>Defendants. | Civil Action No. 07-CV-4578 (SI)<br><br><br><br><br><br><br><br>Date: December 14, 2007<br>Time: 9:00 a.m.<br>Courtroom: 10 |

**DETECTIVES' ENDOWMENT ASSOCIATION
ANNUITY FUND'S MEMORANDUM OF LAW IN OPPOSITION TO
JAMES R. BARTHOLOMEW'S MOTION FOR APPOINTMENT OF
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

The Detectives' Endowment Association Annuity Fund (the "DEA Fund") respectfully submits this memorandum of law in opposition to the motion for appointment of lead plaintiff and approval of lead counsel filed by James R. Bartholomew ("Bartholomew") and in further support of the DEA Fund's motion for appointment as lead plaintiff and approval of Schoengold Sporn Laitman & Lometti, P.C. as lead counsel and Glancy Binkow & Goldberg LLP as liaison counsel.

**I.**

**INTRODUCTION**

On November 5, 2007, upon expiration of the 60-day deadline imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), two lead plaintiff motions were electronically filed in this case. The DEA Fund, which administers a $112 million retirement plan on behalf of New York City's police detectives, is the *only* institutional movant and suffered a substantial loss ($154,752.30) in connection with its purchases of UTStarcom, Inc. ("UTStarcom") securities. *See* Declaration of Lionel Z. Glancy in Support of the Within Motion, Ex. C. The other competing movant, Mr. Bartholomew, represented by Finkelstein Thompson

LLP, is an *individual investor* who suffers from serious defects and deficiencies that preclude him from serving as lead plaintiff and which make the DEA Fund the most appropriate lead plaintiff under the PSLRA.

## II.

## ARGUMENT

A.    MR. BARTHOLOMEW IS INELIGIBLE
      TO SERVE AS LEAD PLAINTIFF

The PLSRA requires that a proposed lead plaintiff file a certification detailing the following information:

> (2) Certification filed with complaint
>
> (A) In general. — Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that—
>
> (i) states that the plaintiff has reviewed the complaint and authorized its filing;
>
> (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter;
>
> (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
>
> (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

(v) identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and

(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi).

Mr. Bartholomew's certification does not comply with the PLSRA in several respects. As a preliminary matter, no information whatsoever has been given to the Court concerning who Mr. Bartholomew is, including what he does for a living, how old he is, and where he resides, or his experience in serving as a fiduciary. Absent this basic information, the Court cannot accurately assess Mr. Bartholomew's qualifications.

In terms of the certification itself, several problems are apparent on its face. *First*, the certification refers to a review by Mr. Bartholomew of a "draft Complaint." However, this draft complaint is not identified anywhere in Mr. Bartholomew's motion papers.[1] The entire reference to a draft complaint is suspect given the fact that Mr. Bartholomew appears to have signed his

---

[1]    It appears that Mr. Bartholomew has transposed the dates in the putative class period, seeking to represent a proposed class of investors that purchased UTStarcom securities "between September 4, 2002 and July 24, 2007," instead of the "July 24, 2002 and September 4, 2007" class period described in the initial press release and the complaint filed to date, *i.e.*, the class that the DEA Fund is seeking to represent. *See* Bartholomew Mem. at 2.

certification on September 10, 2007, days after a complaint was drafted, finalized, signed and filed on behalf of another plaintiff by the Finkelstein Thompson firm.

*Second*, Mr. Bartholomew's certification is dated "the __ day of July, 2007," with the typewritten date crossed out and the handwritten date of "9/10/2007" written beneath, implying that there was a "draft Complaint" in July 2007 for him to review and authorize the filing of. However, the initial complaint was not filed until September 5, 2007. In this context, the reference to a draft complaint in September makes no sense.

*Third*, the PSLRA clearly states that a certification must "set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint," 15 U.S.C. §78u-4(a)(2)(A)(iv). Nevertheless, Mr. Bartholomew's certification contains a handwritten reference to an attachment under the section for purchases (but not for sales transactions). This is contrary to the PSLRA mandate to list all transactions in the stock. 15 U.S.C. §78u-4(a)(2)(A)(iv). If there are transactions in UTStarcom securities made during the Class Period that are not reflected in Mr. Bartholomew's certification, then he has signed a certification that is false – clearly precluding him from serving as a lead plaintiff.

Finally, Mr. Bartholomew fails to "identify" the cases in which he has served or sought to serve as a representative plaintiff in the last three years

preceding the date of his certification.  Instead, his certification contains a cryptic reference to "Reliant Resources (RRI)" without specifying which one of the many securities fraud class actions against Reliant Resources he is referring to. Significantly, his name does not appear in connection with any of the securities fraud cases filed against Reliant Resources, including in the docket entries.  At a minimum, Mr. Bartholomew's sworn certification raises doubt as to its accuracy.

Perhaps most significantly, Mr. Bartholomew's certification, which only lists alleged purchases in UTStarcom and no sales, raises an even bigger question: how did an individual investor come to purchase almost $3 million worth of UTStarcom stock, then sit back and watch that stock plummet more than 70% to about $3.00 per share *without ever selling a single share*?

Under these circumstances, Mr. Bartholomew's motion should be denied.  In the alternative, if the Court is not prepared to deny Mr. Bartholomew's motion outright, the DEA Fund should be permitted to take limited discovery to get some basic information about Mr. Bartholomew's standing and his adequacy, including who Mr. Bartholomew is and verify that the alleged transactions actually took place under his name in order to determine whether he is the most adequate plaintiff and if he is capable of adequately representing the class.  Such discovery is permitted under the PSLRA.  *See* 15 U.S.C.S. § 78u-4(a)(3)(B)(iv) (permitting lead plaintiff movant who has demonstrated "reasonable basis" that competing

movant is incapable of adequately representing the class to conduct discovery on competing movant's adequacy); *see also In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Ca. 1999) (allowing discovery concerning a movant's background, qualifications and adequacy).

B. THE DEA FUND IS THE ONLY INSTITUTIONAL MOVANT WITH A SIGNIFICANT LOSS AND THEREFORE SHOULD <u>BE APPOINTED LEAD PLAINTIFF</u>

The goal of Congress in enacting the PSLRA provisions governing the appointment of lead plaintiff was, in part, to "increase the likelihood that institutional investors will serve as lead plaintiffs . . . . " *See* Conference Report on Securities Litigation Reform, H.R. No. 104-369 (1995), Act Sec. 101, & 302.

This strong preference for an institutional investor as lead plaintiff is further demonstrated in the many cases where courts have rejected competing movants with allegedly greater financial interests in favor of an institution. *See Xianglin Shi v. Sina Corp.*, No. 05 Civ 2154, 2005 U.S. Dist. LEXIS 13176, at *15-6 (S.D.N.Y. July 1, 2005) (appointing an institutional group as lead plaintiff, "where it has complied with the notice requirement and has a *substantial financial interest in the litigation, though admittedly not the largest*" because "the size and experience of institutional investors can be of significant assistance to the prosecution of the action") (emphasis added); *Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655, 658 (N.D. Cal. 2000) (a single public pension fund was appointed lead plaintiff even

though it did not have the greatest loss among the movants); *In re Critical Path, Inc. Sec. Litig.*, No. C-01-0551, 2001 U.S. Dist. LEXIS 11481, at *27-28 (N.D. Cal. June 28, 2001) (rejecting a competing group of movants with aggregate losses of over $14 million and instead, appointing single institutional investor with losses of $2.3 million).   Thus, by appointing the DEA Fund as lead plaintiff in this case, the Court would be fulfilling one of Congress's major goals in passing the PSLRA, namely encouraging institutional investors to have an increased role and take control in securities class actions.

This is particularly true where, as in this case, a *single* institutional investor seeks to be appointed Lead Plaintiff.  *See Network Assocs.*, 76 F. Supp. 2d at 1021, 1025 (appointing a single institutional investor as lead plaintiff and noting that the PSLRA seeks to "encourage the selection of an  institutional investor as the lead [plaintiff]" and that "[t]he SEC explained that the 'most adequate plaintiff' requirement was intended to place responsibility for managing securities class action litigation in the hands of institutions.").  *See also*, *Enron*, 2002 U.S. Dist. LEXIS 3688, at *40-41 (appointing the Regents of the University of California as sole lead plaintiff, noting that "statute [*i.e.*, the PSLRA] operates to ensure that institutional plaintiffs with expertise in the securities market and real financial interest in the integrity of the market would control the litigation, not the lawyers"); *Sakhrani v. Brightpoint*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The

PSLRA was enacted with the explicit hope that institutional investors . . . would step forward to represent the class and exercise effective management and supervision of the class lawyers"); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) (finding that in order to reduce "lawyer-driven" litigation, "through the PSLRA, Congress has clearly expressed its preference for securities fraud litigation to be directed by large institutional investors").

The DEA Fund, which administers the retirement benefits for New York City's police detectives, is the ideal lead plaintiff. It is run by a board of trustees who act in a fiduciary capacity on a daily basis. It clearly has the ability to oversee this litigation and monitor the lawyers. Based upon the foregoing, the DEA Fund should be appointed to lead this litigation on behalf of the proposed class.

## III.

## CONCLUSION

For all the foregoing reasons, the DEA Fund respectfully requests that the Court deny Mr. Bartholomew's competing motion and instead:

(i)      appoint the DEA Fund as Lead Plaintiff in the above-captioned action pursuant to Section 21D(a)(3)(B) of the Exchange Act;

(ii)      approve the DEA Fund's choice of counsel and appoint the law firm of Schoengold Sporn Laitman & Lometti, P.C. as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel pursuant to Section 21D(a)(3)(B)(v)

1   of the Exchange Act; and grant such other and further relief as the Court may deem

2

3   just and proper.

4   Dated: November 21, 2007                Respectfully submitted,

5                                           **GLANCY BINKOW & GOLDBERG LLP**

6

7                                           By: s/ *Lionel Z. Glancy*

8                                           Lionel Z. Glancy
                                            1801 Avenue of the Stars, Suite 311
9                                           Los Angeles, CA 90067
                                            Telephone: (310) 201-9150
10                                          Facsimile: (310) 201-9160

11

12                                          *Proposed Liaison Counsel*

13                                          Joel P. Laitman (JL-8178)
                                            Christopher Lometti (CL-9124)
14                                          Ashley Kim (AK-0105)
15                                          **SCHOENGOLD SPORN LAITMAN &**
                                            **LOMETTI, P.C.**
16                                          19 Fulton Street, Suite 406
                                            New York, NY 10038
17                                          Telephone: (212) 964-0046
18

19                                          *Proposed Lead Counsel for the Class*
20                                          *and Attorneys for the Detectives'*
                                            *Endowment Association Annuity Fund*
21

22

23

24

25

26

27

28