TERRY T. JOHNSON, State Bar No. 121569 (tjohnson@wsgr.com)
BORIS FELDMAN, State Bar No. 128838 (boris.feldman@wsgr.com)
BAHRAM SEYEDIN-NOOR, State Bar No. 203224 (bnoor@wsgr.com)
CHERYL W. FOUNG, State Bar No. 108868 (cfoung@wsgr.com)
BRYAN KETROSER, State Bar No. 239105 (bketroser@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant

C. P. BARTHOLOMEW, State Bar No. 211425
MARK PUNZALAN, State Bar No. 247599
FINKELSTEIN, THOMPSON LLP
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Attorneys for Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER RUDOLPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UT STARCOM, HONG LIANG LU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON,<br><br>Defendants. | Case No. C-07-4578 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Hearing Date: December 14, 2007<br>Time:  2:00 p.m.<br>Before:  Hon. Susan Illston |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Pursuant to FED. R. CIV. P. 26(f), Civil Local Rule 16-9, and the Court's September 4, 2007 Order ("CMC Order"), the parties to the above-entitled action submit this Joint Case Management Statement and [Proposed] Order.

## I. DESCRIPTION OF THE CASE

### A. Brief Description of the Events Underlying the Action

This is a class action by Peter Rudolph ("Plaintiff") on behalf of himself and, purportedly, other purchasers of the publicly traded securities of UTStarcom, Inc. ("UTSI" or the "Company") between July 24, 2002 and September 4, 2007, inclusive (the "Class Period"), against UTSI and some of its present and former officers and directors – specifically, Hong Liang Lu ("Lu"), Michael Sophie ("Sophie"), Thomas Toy ("Toy"), and Francis Barton ("Barton") (collectively, the "Individual Defendants") – for alleged violations of Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rules 10b-5 and 14a-9 promulgated thereunder by the Securities and Exchange Commission ("SEC").

Defendant UTSI manufactures, integrates and supports IP-based, end-to-end networking and telecommunications solutions. The Company sells converged broadband wireless and wireline products, an integrated IPTV solution, and a comprehensive line of handset and customer premise equipment to operators in both emerging and established telecommunications markets worldwide. UTSI's principal executive offices are located in Alameda, California. Mr. Lu is UTSI's President and CEO, and is also on the Company's Board of Directors. Mr. Sophie is UTSI's former VP of Finance and CFO. Mr. Toy is UTSI's Chairman of the Board. Mr. Barton is UTSI's Executive VP and CFO, and is also on the Company's Board of Directors.

Prior to and during the Class Period, UTSI issued stock options to its officers and employees. Plaintiff alleges that the Company represented that the exercise price of these stock options would be no less than 100% of the fair market value of the Company's common stock on the day of the grant, but that the exercise prices for some of the options were actually determined after the fact and keyed to a day on or near the day when the Company's stock hit a low price for the fiscal year, or directly in advance of sharp increases in the price of the stock.

1  Based on these allegations, Plaintiff alleges that the Defendants violated Section 10(b) of the Exchange Act (Count I) by making material misrepresentations in financial reports filed with the SEC during the alleged Class Period and Section 14(a) of the Exchange Act (Count III) by publishing false and misleading statements in proxy statements issued during the alleged Class Period, and that the Individual Defendants violated Section 20(a) of the Exchange Act (Count II) as control persons of the Company for purposes of the other alleged violations. Plaintiff prays for: declaratory relief; recissory or compensatory damages in an amount which may be proven at trial, with interest; reasonable attorneys' fees and expert witness fees and other costs; and such other further relief as this Court may deem just and proper.

Plaintiff filed his initial complaint on September 4, 2007. On September 20, 2007, lead plaintiffs in the action entitled *In re UTStarcom, Inc. Securities Litigation*, No. C-04-4908 (N.D. Cal.) ("*In re UTStarcom*") filed with that court an Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Local Rules 3-12 and 7-11 ("Motion to Relate Cases"), requesting that that court relate the instant action to *In re UTStarcom*. On November 30, 2007, the motion was denied.

Pursuant to the parties' stipulation, this Court has ordered that Defendants' time to answer or otherwise respond is extended until forty-five (45) days after the Court-appointed lead plaintiff(s) in this action files an Amended Complaint.

On November 5, 2007, James R. Bartholomew ("Bartholomew") and the Detectives' Endowment Association Annuity Fund (the "Fund") each moved this Court to be appointed lead plaintiff. Those motions are set to be heard on December 14, 2007 at 9:00 a.m.

**B.  Jurisdiction and Service**

Service or waivers of service have been effectuated as to all defendants. Defendants reserve their right to assert any and all jurisdictional defenses.

**C.  The Principal Factual Issues Which the Parties Dispute**

The principal factual issues include:

- Whether the fair market value of the Company's stock on the date of the grant exceeded the exercise price of stock options granted to Company officers and employees;

- Whether any Individual Defendant received options whose fair market value on the date of the grant exceeded the exercise price;
- Whether the Defendants acted with scienter;
- Whether the Individual Defendants acted in good faith;
- Whether the Individual Defendants directly or indirectly induced the act or acts constituting the alleged violations;
- Whether financial reports filed by the Company with the SEC were materially false or misleading;
- Whether proxy statements issued by the Company were materially false or misleading;
- Whether the Company's stock was artificially inflated during the alleged Class Period;
- Whether Plaintiff sustained a loss and, if so, what the proper measure of damages is; and
- Whether Defendants' conduct caused Plaintiff's alleged loss.

The parties reserve the right to identify additional disputed factual issues.

**D. The Principal Legal Issues Which the Parties Dispute**

The principal legal issues that are in dispute are:

(1) Whether Plaintiff has adequately pleaded his claim under Section 10(b) of the Exchange Act with the specificity required by the Private Securities Litigation Reform Act of 1995;

(2) Whether Plaintiff has adequately pleaded his claim under Section 14(a) of the Exchange Act with the specificity required by the Private Securities Litigation Reform Act of 1995;

(3) Whether Plaintiff has adequately pleaded his claim under Section 20(a) of the Exchange Act with the specificity required by the Private Securities Litigation Reform Act of 1995;

(4) Whether Plaintiff has adequately pleaded his fraud claims with the specificity required by FED. R. CIV. P. 9(b);

(5) Whether Plaintiff's allegations satisfy the pleading requirements of FED. R. CIV. P. 8(a);

(6) Whether Plaintiff has brought his claims within the applicable statutes of limitations;

(7) Whether Defendants violated Section 10(b) of the Exchange Act;

(8) Whether Defendants violated Section 14(a) of the Exchange Act;

(9) Whether the Individual Defendants violated Section 20(a) of the Exchange Act; and

(10) Whether Plaintiff and/or the Class were damaged as a result of the violations alleged by Plaintiff.

The parties reserve the right to identify additional disputed legal issues.

### E. Class Certification

If there is a final operative complaint after any and all motions to dismiss have been adjudicated, the parties anticipate that there will be a class certification motion prior to trial. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, "on behalf of a class of persons and entities who purchased UT Starcom [sic] securities during the Class Period and were damaged thereby (the 'Class'). Excluded from the class are Defendants herein, officers and directors of UT Starcom [sic], members of their immediate families, and the heirs, successors or assigns of any of the foregoing." Plaintiff alleges a Class Period of July 24, 2002 through September 4, 2007, inclusive. Defendants contend that this action is not properly maintainable as a class action under FED. R. CIV. P. 23 and reserve the right to conduct class discovery and challenge class certification at a later date.

### F. The Additional Parties Which the Below-Specified Parties Intend to Join and the Intended Time Frame for Such Joinder

Defendants do not intend to join any parties at this time.

### G. Evidence Preservation

The parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

### H. Assignment of This Case to a United State Magistrate Judge for Trial

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial. By Order dated September 4, 2007, this action was assigned to the Honorable Susan Illston in the San Francisco division for all future proceedings.

### I. Expedited Schedule

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### J. Certificate of Interested Entities or Persons

Defendants filed a disclosure statement pursuant to Civil Local Rule 3-16 and FED. R. CIV. P. 7.1 on October 3, 2007.

## II.   ALTERNATIVE DISPUTE RESOLUTION AND OTHER REFERENCES

The parties filed a Notice of Need for ADR Phone Conference on November 27, 2007. An ADR phone conference has not yet been scheduled. The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## III.   DISCLOSURES AND DISCOVERY

This lawsuit is subject to the discovery stay provisions of the Private Securities Litigation Reform Act (the "PSLRA") because Defendants have not yet answered or responded to the complaint, and because the claims asserted include claims under the Exchange Act. The PSLRA requires a stay of "all discovery and other proceedings" while a motion to dismiss is pending. 15 U.S.C. § 78u-4(b)(3)(B). Pursuant to this Court's Order on the parties' stipulation, Defendants' answer or response is not required until forty-five (45) days after the Court-appointed lead plaintiff(s) in this action files an Amended Complaint.

Thus, all discovery is stayed pending a determination of the sufficiency of any Amended Complaint, and it is premature to propose dates for designation of experts and discovery motions.

## IV. TRIAL SCHEDULE

Plaintiff has demanded a jury trial. The parties believe it is premature to estimate a trial date or length, or propose dates for the hearing of dispositive motions or for a pretrial conference.

Dated: December 7, 2007

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By   Bahram Seyedin-Noor
         Bahram Seyedin-Noor

Terry T. Johnson
Boris Feldman
Bahram Seyedin-Noor
Cheryl W. Foung
Bryan Ketroser
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants

-6-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

| | | |
|---|---|---|
| 1 | Dated: December 7, 2007 | FINKELSTEIN, THOMPSON LLP |

By: \_\_\_\_Donald J. Enright\_\_\_\_
   Donald J. Enright

C.P. Bartholomew
Mark Punzalan
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

- and -

Donald J. Enright
Elizabeth K. Tripodi
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Attorneys for Plaintiff

## ORDER

The Joint Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____    _____
                                   Honorable Susan Illston
                                   United States District Judge

-7-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER