1  TERRY T. JOHNSON, State Bar No. 121569 (tjohnson@wsgr.com)
   BORIS FELDMAN, State Bar No. 128838 (boris.feldman@wsgr.com)
2  BAHRAM SEYEDIN-NOOR, State Bar No. 203224 (bnoor@wsgr.com)
   CHERYL W. FOUNG, State Bar No. 108868 (cfoung@wsgr.com)
3  BRYAN J. KETROSER, State Bar No 239105 (bketroser@wsgr.com)
   WILSON SONSINI GOODRICH & ROSATI
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
6
   Attorneys for Defendants
7  UTSTARCOM, INC., HONG LIANG LU,
   YING WU, MICHAEL SOPHIE, THOMAS TOY,
8  and FRANCIS BARTON

9
                   UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12

13  PETER RUDOLPH, individually and on behalf  )  CASE NO.: C-07-4578 SI
    of all others similarly situated,          )
                                               )  **DEFENDANTS' REQUEST FOR**
14           Plaintiff,                        )  **JUDICIAL NOTICE IN SUPPORT**
                                               )  **OF MOTION TO DISMISS**
15       v.                                    )  **PLAINTIFF'S AMENDED CLASS**
                                               )  **ACTION COMPLAINT**
16  UTSTARCOM, HONG LIANG LU, YING WU,         )
    MICHAEL SOPHIE, THOMAS TOY, and            )  Date: April 4, 2008
17  FRANCIS BARTON,                            )  Time: 9:00 p.m.
                                               )
18           Defendants.                       )  Before: Hon. Susan Illston
                                               )
19  _____)

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
CASE NO. C-07-4578 SI

Defendant UTStarcom, Inc. ("UTSI" or the "Company") and Defendants Hong Liang Lu, Ying Wu, Michael Sophie, Thomas Toy, and Francis Barton (the "Individual Defendants") hereby request that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of certain documents attached to the accompanying Declaration of Bryan J. Ketroser in Support of Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint (the "Ketroser Declaration"), for the reasons set forth below.

### A. Article, Stock Prices and Press Releases: Incorporated by Reference, Integral to the Amended Complaint, Capable of Accurate and Ready Determination, and Matters of Public Record

The *Forbes.com* article, Company stock prices, and November 7, 2006 and July 24, 2007 press releases are all properly subject to judicial notice. To begin with, all four are referred to and/or quoted in the Amended Complaint. *See* AC ¶ 114 (referencing *Forbes.com* article); *id.* ¶¶ 4, 61, 113, 117, 145, 147-48 (referencing Company's stock price on particular days during the class period); *id.* ¶¶ 11, 113-14, 146-47 (referencing November 7, 2006 press release); *id.* ¶¶ 19, 116, 148 (referencing and quoting July 24, 2007 press release). Because these documents have been incorporated by reference into the Amended Complaint, they are judicially noticeable. *See, e.g., In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (the "incorporation by reference doctrine" allows the court to take judicial notice of documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (citation omitted).[1] Numerous courts have also explicitly ruled that a company's stock price during the class period is a fact appropriate for judicial notice. *See, e.g., In re Finisar Corp. Derivative Litig.*, No. C-06-07660, 2008 WL 131867, at *7 n.4 (N.D. Cal. Jan. 11, 2008) ("Finisar's closing stock price is public information capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned

---

[1] *See also In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863-64 (N.D. Cal. 2004) (taking judicial notice of press releases because "such press releases are proper to consider under the incorporation by reference doctrine"); *Plevy v. Haggarty*, 38 F. Supp. 2d 816, 820 (C.D. Cal. 1998) (taking judicial notice of, *inter alia*, press releases, analysts' reports, news articles, and stock prices, all of which were "cited, quoted from, and/or referenced in" the Amended Complaint).

and are the proper subject of judicial notice in a motion to dismiss.") (internal quotation omitted).[2]

Accordingly, Defendants request that the Court take judicial notice of the following:

1. A true and correct copy of UTSI's press release entitled "UTStarcom Announces Voluntary Review of Equity Grants," dated November 7, 2006, and attached to the Ketroser Declaration as Exhibit A.

2. A true and correct copy of a *Forbes.com* article entitled "Options Probe Derails UTStarcom Stock," dated November 8, 2006, and attached to the Ketroser Declaration as Exhibit B.

3. A true and correct copy of the UTSI's stock prices from September 4, 2002 through July 24, 2007, attached to the Ketroser Declaration as Exhibit C.

4. A true and correct copy of UTSI's press release entitled "UTStarcom Provides Select Preliminary Balance Sheet Liquidity Information as of June 30, 2007," dated July 24, 2007, and attached to the Ketroser Declaration as Exhibit D.

**B.  SEC Filings: Incorporated by Reference, Integral to the Amended Complaint, and Filed with the SEC**

The SEC filings are also properly subject to judicial notice. Plaintiff explicitly references and quotes from the Form 10-Q filed by the Company on October 10, 2007—with its corresponding restatement of prior financials—throughout his Amended Complaint. *See* AC ¶¶ 9, 56, 72, 77, 79, 81, 83, 87, 89, 91, 93, 97, 99, 101, 103, 107, 109, 111, 118, 129, 134. The Amended Complaint also repeatedly references the Company's class period proxy statements. *See id.* ¶¶ 66, 112, 134, 161-68. Finally, the Amended Complaint refers extensively to the Company's 2001 Director Stock Option Plan. *See id.* ¶¶ 49-53. As such, the SEC filings are incorporated by reference into the Amended Complaint, and may be considered on a motion to dismiss. *See* Section A, *supra*. Since Plaintiff's § 14(a) claim depends on the existence of a

---

[2] *See also Ravens v. Iftikar*, 174 F.R.D. 652, 660-61 (N.D. Cal. 1997) (taking judicial notice of company's stock price during class period); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 2007 WL 3244646, at *4 n.2 (C.D. Cal. Oct. 16, 2007) (same).

1  false or misleading statement or omission in a proxy, the Company's proxy statements are also
2  "documents on which allegations in the [Amended Complaint] necessarily rely," and would thus
3  be judicially noticeable even if they were not referenced therein. *In re Calpine Corp. Sec. Litig.*,
4  288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003). Finally, the Court may take judicial notice of the
5  Form 10-Q, proxy statements and attachments as documents that are "public records required by
6  the SEC to be filed." *Plevy v. Haggarty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998); *see also In re
7  Copper Mountain Sec. Litig.*, 311 F. Supp. 2d, 857, 863 (N.D. Cal. 2004) (taking judicial notice
8  of SEC filings).

9      Accordingly, Defendants request that the Court take judicial notice of the following:

10      5.    A true and correct copy of an excerpt from UTSI's Form 10-Q filed with the SEC
11  on October 10, 2007, attached to the Ketroser Declaration as Exhibit E.

12      6.    A true and correct copy of excerpts from UTSI's Form S-3/A filed with the SEC
13  on June 21, 2001, attached to the Ketroser Declaration as Exhibit F.

14      7.    A true and correct copy of excerpts from UTSI's Forms DEF 14A and DEFA 14A
15  filed with the SEC on April 2, 2003, August 22, 2003, April 7, 2004, April 18, 2005, June 16,
16  2006, and June 21, 2006, attached to the Ketroser Declaration as Exhibit G.

18  Dated: February 29, 2007                        WILSON SONSINI GOODRICH & ROSATI
                                                                    Professional Corporation

21                                                                      By: /s/ Bryan J. Ketroser
                                                                         Bryan J. Ketroser

22                                                            Attorneys for Defendants