TERRY T. JOHNSON, State Bar No. 121569 (tjohnson@wsgr.com)
BORIS FELDMAN, State Bar No. 128838 (boris.feldman@wsgr.com)
BAHRAM SEYEDIN-NOOR, State Bar No. 203244 (bnoor@wsgr.com)
CHERYL W. FOUNG, State Bar No. 108868 (cfoung@wsgr.com)
BRYAN J. KETROSER, State Bar No 239105 (bketroser@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
UTSTARCOM, INC., HONG LIANG LU,
YING WU, MICHAEL SOPHIE, THOMAS TOY,
and FRANCIS BARTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER RUDOLPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UTSTARCOM, HONG LIANG LU, YING WU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON,<br><br>Defendants. | CASE NO.: 3:07-CV-04578-SI<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: August 1, 2008<br>Time: 9:00 a.m.<br><br>Before: Hon. Susan Illston |

Defendant UTStarcom, Inc. ("UTSI" or the "Company") and Defendants Hong Liang Lu, Ying Wu, Michael Sophie, Thomas Toy, and Francis Barton (the "Individual Defendants") hereby request that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of certain documents attached to the accompanying Declaration of Bryan J. Ketroser (the "Ketroser Declaration") in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("SAC" or "Complaint") for the reasons set forth below.

**A.   Article, Stock Prices and Press Releases: Incorporated by Reference, Integral to the Second Amended Complaint, Capable of Accurate and Ready Determination, and Matters of Public Record**

The *Forbes.com* article, the Company's historical stock prices, and the February 1, 2007 and July 24, 2007 press releases are all properly subject to judicial notice. All four items are incorporated by reference in the Second Amended Complaint[1] and therefore judicially noticeable. *See, e.g., In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (the "incorporation by reference doctrine" allows the court to take judicial notice of documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (alteration in original) (citation omitted).[2] Numerous courts have also explicitly ruled that a company's stock price during the class period is a fact appropriate for judicial notice. *See, e.g., In re Finisar Corp. Derivative Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) ("Finisar's closing stock price is public information capable of accurate and ready determination by resort to sources whose accuracy

---

[1] Plaintiff refers to and/or quotes these documents in the Second Amended Complaint. *See* SAC ¶ 150 (referencing *Forbes.com* article); *id.* ¶¶ 4, 72, 75, 78, 81, 149, 154, 201, 203-04 (referencing Company's stock price on particular days during the class period); *id.* ¶ 152 (referencing the February 1, 2007 press release); *id.* ¶¶ 153, 204 (referencing and quoting the July 24, 2007 press release).

[2] *See also In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863-64 (N.D. Cal. 2004) (taking judicial notice of press releases because "such press releases are proper to consider under the incorporation by reference doctrine"); *Plevy v. Haggarty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of, *inter alia*, press releases, analysts' reports, news articles, and stock prices, all of which were "cited, quoted from, and/or referenced in" the Amended Complaint).

cannot reasonably be questioned and are the proper subject of judicial notice in a motion to dismiss.") (internal quotation marks and citations omitted).[3]

Accordingly, Defendants request that the Court take judicial notice of the following:

1. A true and correct copy of a *Forbes.com* article entitled "Options Probe Derails UTStarcom Stock," dated November 8, 2006, attached to the Ketroser Declaration as Exhibit A.

2. A true and correct copy of a chart of UTSI's stock prices from August 3, 2001 through July 24, 2007, attached to the Ketroser Declaration as Exhibit B.

3. A true and correct copy of UTSI's Form 8-K filed with the SEC on February 2, 2007, attached to the Ketroser Declaration as Exhibit D.

4. A true and correct copy of UTSI's Form 8-K filed with the SEC on July 24, 2007, attached to the Ketroser Declaration as Exhibit E.

**B.   SEC Filings: Incorporated by Reference, Integral to the Second Amended Complaint, and Filed with the SEC**

The SEC filings are also properly subject to judicial notice. Plaintiff explicitly references and quotes from the Form 10-Q filed by the Company on October 10, 2007—with its corresponding restatement of prior financials—throughout his Second Amended Complaint. *See* SAC ¶¶ 9, 108, 110, 112, 114, 118, 120, 122, 124, 128, 130, 132, 134, 138, 140, 142, 155, 170. Further, the Second Amended Complaint repeatedly references the Company's class period proxy statements. *See id.* ¶¶ 42, 56, 71, 74, 77, 80, 88-89, 92-94, 97-98, 101-02, 143, 218-25. The Second Amended Complaint also refers extensively to the Company's 2001 Director Stock Option Plan. *See id.* ¶¶ 56-57, 59. As such, the SEC filings are incorporated by reference into the Second Amended Complaint, and may be considered on a motion to dismiss. *See* Section A, *supra*.

Plaintiff also references UTSI's settlement with the SEC, which was announced on May 1, 2008. SAC ¶¶ 160-65. On May 2, 2008, UTSI filed an 8-K with the SEC that included as an

---

[3] *See also Ravens v. Iftikar*, 174 F.R.D. 652, 660-61 (N.D. Cal. 1997) (taking judicial notice of company's stock price during class period); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) (same).

exhibit the May 1, 2008 press release entitled "UTStarcom Announces Final Settlement with SEC," which discussed the settlement referenced in the Second Amended Complaint. As such, the Court may take judicial notice of the May 1, 2008 press release. *See, e.g., Copper Mountain*, 311 F. Supp. 2d at 863-64 (holding that the Court may take judicial notice of other matters of public record such as press releases).

Since Plaintiff's § 14(a) claim depends on the existence of a false or misleading statement or omission in a proxy, the Company's proxy statements from 2002-2006 are also "documents on which allegations in the [Second Amended Complaint] necessarily rely," and would thus be judicially noticeable even if they were not referenced therein. *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003). In addition, the Court may take judicial notice of the Form 10-Q, proxy statements and attachments as documents that are "public records required by the SEC to be filed." *Plevy*, 38 F. Supp. 2d at 821; *see also Copper Mountain*, 311 F. Supp. 2d at 863 (taking judicial notice of SEC filings).

The Court may also take judicial notice of the Form 4s filed by UTSI on behalf of defendants Hong Liang Lu, Michael Sophie and Thomas Toy demonstrating their enrollment in a 10b5-1 plan, and the Form 4 for defendant Hong Liang Lu regarding stock sales that took place on August 21, 2003. *See, e.g., Silicon Graphics*, 183 F.3d at 986 (holding that a court may take judicial notice of Form 4s filed with the SEC, which are deemed incorporated by reference into a complaint when a plaintiff's allegations rely on a defendant's stock sales); *In re Openwave Sys. Inc. S'holder Derivative Litig.*, 503 F. Supp. 2d 1341, 1349-50 (N.D. Cal. 2007) (taking judicial notice of Form 4s as documents filed with the SEC); *Plevy*, 38 F. Supp. 2d at 821 (judicially noticing SEC filings, including Form 4s, noting "[o]n a motion to dismiss, a court may take judicial notice of matters of public record outside of pleadings"). Likewise, the Court may take judicial notice of the Form 3 filed by UTSI for Francis Barton's August 1, 2005 stock grant. *See, e.g., Silicon Graphic*, 183 F.3d at 986 (taking judicial notice of a Form 3 filed with the SEC when a plaintiff's allegations rely on a defendant's stock sales); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998) (documents "integral to the plaintiff's claims" but not attached to the pleading may be considered for a motion to dismiss if their authenticity is not disputed).

1    Finally, the Court may also take judicial notice of the January 4, 2007 Form 8-K and the
2  May 16, 2007 Form 8-K that UTSI filed with the SEC. *See, e.g., In re Northpoint Commc'ns*
3  *Group, Inc. Sec. Litig.*, 184 F. Supp. 2d 991, 994 n.1 (N.D. Cal. 2001) ("Even to the extent that
4  the 8-K is 'outside' the complaint, review of it is still proper in the context of a Rule 12(b)(6)
5  motion. In a securities-fraud suit, judicial notice can be had of documents directly related to
6  documents referenced in the complaint that bear on the adequacy of the disclosure."); *In re*
7  *Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837-38 (N.D. Cal. 2000) (holding that a court
8  may take judicial notice of documents on which allegations in the complaint necessarily rely,
9  even if not expressly referenced in the complaint, provided that the authenticity of those
10  documents are not in dispute); *Parrino*, 146 F.3d at 706 n.4.
11    Accordingly, Defendants request that the Court take judicial notice of the following:
12    5.   A true and correct copy of UTSI's Form 8-K filed with the Securities and
13  Exchange Commission ("SEC") on January 4, 2007, attached to the Ketroser Declaration as
14  Exhibit C.
15    6.   A true and correct copy of UTSI's Form 10-Q for the fiscal quarter ended
16  December 31, 2006 filed with the SEC on October 10, 2007, attached to the Ketroser Declaration
17  as Exhibit F.
18    7.   A true and correct copy of UTSI's Form 8-K filed with the SEC on May 2, 2008,
19  attached to the Ketroser Declaration as Exhibit G.
20    8.   A true and correct copy of UTSI's Form DEF 14A filed with the SEC on April
21  11, 2002, attached to the Ketroser Declaration as Exhibit I.
22    9.   A true and correct copy of UTSI's Form DEF 14A filed with the SEC on April 3,
23  2003, attached to the Ketroser Declaration as Exhibit J.
24    10.  A true and correct copy of UTSI's Form DEF 14A filed with the SEC on April
25  18, 2005, attached to the Ketroser Declaration as Exhibit K.
26    11.  A true and correct copy of UTSI's Form DEF 14A filed with the SEC on April 7,
27  2004, attached to the Ketroser Declaration as Exhibit L.
28

12. True and correct copies of Form 4s filed by defendants Hong Liang Lu, Michael Sophie, Thomas Toy and Ying Wu and signed on various dates, attached to the Ketroser Declaration as Exhibit M.

13. A true and correct copy of a Form 4 filed by Hong Liang Lu and signed on August 25, 2003, attached to the Ketroser Declaration as Exhibit N.

14. A true and correct copy of UTSI's Form DEF 14A filed with the SEC on June 16, attached to the Ketroser Declaration as Exhibit O.

15. A true and correct copy a Form 3 filed by Francis Barton and signed on August 3, attached to the Ketroser Declaration as Exhibit P.

16. A true and correct copy of excerpts from UTSI's Form S-3/A filed with the SEC on June 21, 2001, attached to the Ketroser Declaration as Exhibit Q.

17. A true and correct copy of UTSI's Form 8-K filed with the SEC on May 16, 2007, attached to the Ketroser Declaration as Exhibit R.

### C. Recorder Article: Capable of Accurate and Ready Determination

The Court may also take judicial notice of the May 5, 2008 Recorder article entitled "UTStarcom Execs Settle SEC Charges." Courts may take judicial notice of information from news articles and other outside sources "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (affirming the decision of the district court to take judicial notice under Fed. R. Evid. 201(b) of a newspaper article because the article was a fact that would be generally known); *Crowder v. Kitagawa*, 81 F.3d 1480, 1491 n.10 (9th Cir. 1996) (recognizing that a court "may take judicial notice of adjudicative facts appearing in newspapers"); *United States v. Alisal Water Corp.*, 326 F. Supp. 2d 1032, 1036 n.5 (N.D. Cal. 2004) (judicially noticing of articles and publications downloaded from the websites of the EPA, the California DHS and newspapers where the documents were introduced for the purpose of demonstrating facts not reasonably subject to dispute), *aff'd*, 431 F.3d 643 (9th Cir. 2005); *Contreras v. Metropolitan Life Ins. Co.*, No. C 07-

02597, 2007 WL 4219167 at *2 (N.D. Cal. Nov. 29, 2007) (taking judicial notice of an outside insurance report because the report came from "an accepted and respected source, which is capable of accurate and ready determination."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 n.15 (S.D.N.Y. 2003) (holding that court may take judicial notice of fact of article's publication even if article was not attached to complaint or incorporated therein by reference).

    Here, the May 5, 2008 Recorder article directly relates to the May 1, 2008 SEC settlement reference by Plaintiff in the Second Amended Complaint. *See* SAC ¶¶ 160-65. The information from the article comes from a respected source, which is capable of accurate and ready determination. Accordingly, Defendants request that the Court take judicial notice of the following:

    18.    A true and correct copy of a Recorder article entitled "UTStarcom Execs Settle SEC Charges," dated May 5, 2008, attached to the Ketroser Declaration as Exhibit H.

Dated: June 6, 2008

WILSON SONSINI GOODRICH & ROSATI  
Professional Corporation

By: /s/ Bryan J. Ketroser  
      Bryan J. Ketroser

Attorneys for Defendants