1  TERRY T. JOHNSON, State Bar No. 121569 (tjohnson@wsgr.com)
   BORIS FELDMAN, State Bar No. 128838 (boris.feldman@wsgr.com)
2  BAHRAM SEYEDIN-NOOR, State Bar No. 203224 (bnoor@wsgr.com)
   CHERYL W. FOUNG, State Bar No. 108868 (cfoung@wsgr.com)
3  BRYAN J. KETROSER, State Bar No. 239105 (bketroser@wsgr.com)
   WILSON SONSINI GOODRICH & ROSATI
4  Professional Corporation
   650 Page Mill Road
5  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
6  Facsimile: (650) 565-5100

7  Attorneys for Defendants

8  MARK PUNZALAN, State Bar No. 247599
   FINKELSTEIN, THOMPSON LLP
9  100 Bush Street, Suite 1450
   San Francisco, CA 94104
10 Telephone: (415) 398-8700
   Facsimile: (415) 398-8704

11
   Attorneys for Lead Plaintiff
12
   [Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER RUDOLPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UTSTARCOM, INC., HONG LIANG LU, YING WU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON,<br><br>Defendants. | Case No. C-07-4578 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Hearing Date: August 22, 2008<br>Time: 2:30 p.m.<br>Before: Hon. Susan Illston |

Pursuant to FED. R. CIV. P. 26(f), Civil Local Rule 16-9, and the Court's Standing Order and Case Management Conference Order, the parties to the above-entitled action submit this Joint Case Management Statement and [Proposed] Order.

## I. DESCRIPTION OF THE CASE

### A. Brief Description of the Events Underlying the Action

This is a class action by James Bartholomew ("Lead Plaintiff") on behalf of himself and, putatively, all other persons or entities, other than Defendants and their affiliates, who purchased or acquired the common stock of UTStarcom, Inc. ("UTSI" or the "Company") between September 4, 2002 through and including July 24, 2007 (the "Class Period"), against UTSI and some of its present and former officers and directors – specifically, Hong Liang Lu ("Mr. Lu"), Ying Wu ("Mr. Wu"), Michael Sophie ("Mr. Sophie"), Thomas Toy ("Mr. Toy"), and Francis Barton ("Mr. Barton") (collectively, the "Individual Defendants") – for alleged violations of Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rules 10b-5 and 14a-9 promulgated thereunder by the Securities and Exchange Commission ("SEC").

Defendant UTSI manufactures, integrates and supports IP-based, end-to-end networking and telecommunications solutions. The Company sells converged broadband wireless and wireline products, an integrated IPTV solution, and a comprehensive line of handset and customer premise equipment to operators in both emerging and established telecommunications markets worldwide. UTSI's principal executive offices are located in Alameda, California. Mr. Lu is UTSI's President and CEO, and is also on the Company's Board of Directors. Mr. Wu is UTSI's former Executive VP. Mr. Sophie is UTSI's former VP of Finance and CFO. Mr. Toy is UTSI's Chairman. Mr. Barton is UTSI's Executive VP and CFO, and is also on the Company's Board of Directors.

Prior to and during the Class Period, UTSI issued stock options to its officers and employees. Lead Plaintiff alleges that the Company engaged in the backdating of its stock options. Lead Plaintiff alleges that although the Company represented that the exercise price of these stock options would be no less than 100% of the fair market value of the Company's

1  common stock on the day of the grant, the exercise prices for some of the options were actually
2  determined after the fact and keyed to a day on or near the day when the Company's stock hit a
3  low price for the fiscal year, or directly in advance of sharp increases in the price of the stock.
4      Based on these allegations, Lead Plaintiff alleges the following: (1) that the Defendants
5  violated Section 10(b) of the Exchange Act (Count I) by making material misrepresentations in
6  financial reports filed with the SEC during the alleged Class Period; (2) that the Defendants
7  violated Section 14(a) of the Exchange Act (Count III) by publishing false and misleading
8  statements in proxy statements issued during the alleged Class Period, and; (3) that the Individual
9  Defendants violated Section 20(a) of the Exchange Act (Count II) as control persons of the
10 Company for purposes of the other alleged violations. Lead Plaintiff prays for the following: (1)
11 declaratory relief; (2) rescissory or compensatory damages in an amount which may be proven at
12 trial, with interest; (3) reasonable attorneys' fees and expert witness fees and other costs; and (4)
13 such other further relief as this Court may deem just and proper.
14     Peter Rudolph filed the initial complaint in this action on September 4, 2007. On
15 September 20, 2007, lead plaintiffs in the action entitled *In re UTStarcom, Inc. Securities*
16 *Litigation*, No. C-04-4908 (N.D. Cal.) ("*In re UTStarcom*") filed with that court an Administrative
17 Motion to Consider Whether Cases Should Be Related Pursuant to Local Rules 3-12 and 7-11
18 ("Motion to Relate Cases"), requesting that that court relate the instant action to *In re UTStarcom*.
19 On November 30, 2007, the motion was denied. On December 14, 2007, this Court appointed Mr.
20 Bartholomew Lead Plaintiff.
21     On January 25, 2008, Lead Plaintiff filed his Amended Class Action Complaint (the
22 "Amended Complaint"). Defendants filed their Motion to Dismiss Plaintiff's Amended Class
23 Action Complaint on February 29, 2008. On April 14, 2008, this Court dismissed the Amended
24 Complaint. On May 16, 2008, Lead Plaintiff filed his Second Amended Class Action Complaint
25 (the "Second Amended Complaint"). Defendants filed their Motion to Dismiss Plaintiff's Second
26 Amended Class Action Complaint on June 6, 2008. The motion is currently set to be heard on
27 August 22, 2008 at 9:00 a.m.
28

-2-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

**B. Jurisdiction and Service**

Waivers of service have been effectuated for Messrs. Lu, Sophie, Toy and Barton. Defense counsel informed Lead Plaintiff on April 7, 2008 that they are not accepting service nor consenting to waiver of service on Mr. Wu's behalf at this time. Lead Plaintiff has taken steps for effectuating formal service of process on Mr. Wu. Messrs. Lu, Sophie, Toy and Barton reserve their right to assert any and all jurisdictional defenses. Mr. Wu reserves his right to assert any and all jurisdictional and service defenses.

**C. The Principal Factual Issues Which the Parties Dispute**

The principal factual issues include:

- Whether the Company intentionally backdated stock option grants to Company officers and employees;
- Whether the Defendants acted with scienter;
- Whether the Company's stock was artificially inflated during the alleged Class Period;
- Whether the Defendants acted negligently;
- Whether the Individual Defendants acted in good faith;
- Whether financial reports filed by the Company with the SEC were materially false or misleading;
- Whether proxy statements issued by the Company were materially false or misleading;
- Whether the Individual Defendants directly or indirectly induced the act or acts constituting the alleged violations;
- Whether Lead Plaintiff and the putative Class sustained a loss and, if so, what the proper measure of damages is; and
- Whether Defendants' conduct caused Lead Plaintiff's alleged loss.

The parties reserve the right to identify additional disputed factual issues.

**D. The Principal Legal Issues Which the Parties Dispute**

The principal legal issues that are in dispute are:

- Whether Lead Plaintiff has stated with particularity all facts forming the basis of his allegations as required by the Private Securities Litigation Reform Act of 1995 (the "Reform Act").
- Whether Lead Plaintiff has adequately pleaded his claim under Section 10(b) of the Exchange Act with the specificity required by the Reform Act;
- Whether Lead Plaintiff has adequately pleaded his claim under Section 14(a) of the Exchange Act with the specificity required by the Reform Act;
- Whether Lead Plaintiff has adequately pleaded his claim under Section 20(a) of the Exchange Act with the specificity required by the Reform Act;
- Whether Lead Plaintiff has adequately pleaded his fraud claims with the specificity required by FED. R. CIV. P. 9(b);
- Whether Lead Plaintiff's allegations satisfy the pleading requirements of FED. R. CIV. P. 8(a);
- Whether Lead Plaintiff has brought his claims within the applicable statutes of limitations;
- Whether Defendants violated Section 10(b) of the Exchange Act;
- Whether Defendants violated Section 14(a) of the Exchange Act;
- Whether the Individual Defendants violated Section 20(a) of the Exchange Act;

The parties reserve the right to identify additional disputed legal issues.

**E. Class Certification**

If there is a final operative complaint after any and all motions to dismiss have been adjudicated, the parties anticipate that there will be a class certification motion prior to trial. Lead Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, "on behalf of himself and all other persons or entities, other than Defendants and their affiliates, who purchased or acquired the common stock of [UTSI] between September 4, 2002 through and including July 24, 2007 [ ], and were damaged by the conduct asserted herein." Lead Plaintiff contends that this action is properly maintainable as a class action under FED. R. CIV. P.

23. Defendants contend that this action is not properly maintainable as a class action under FED. R. CIV. P. 23 and reserve the right to conduct class discovery and challenge class certification at a later date.

### F. The Additional Parties Which the Below-Specified Parties Intend to Join and the Intended Time Frame for Such Joinder

Defendants do not intend to join any parties at this time.  Lead Plaintiff does not intend to join any parties at this time.

### G. Evidence Preservation

The parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

### H. Assignment of This Case to a United State Magistrate Judge for Trial

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.  By Order dated September 4, 2007, this action was assigned to the Honorable Susan Illston in the San Francisco division for all future proceedings.

### I. Expedited Schedule

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### J. Certificate of Interested Entities or Persons

Defendants filed disclosure statements pursuant to Civil Local Rule 3-16 and FED. R. CIV. P. 7.1 on October 3, 2007 and March 19, 2008.  All Defendants hereby recertify that as of this date, other than the named parties, there is no such interest to report.  Lead Plaintiff filed a disclosure statement pursuant to Civil Local Rule 3-16 and FED. R. CIV. P. 7.1 on April 7, 2008. Lead Plaintiff hereby recertifies that as of this date, other than the named parties, there is no such interest to report.

## II.    ALTERNATIVE DISPUTE RESOLUTION AND OTHER REFERENCES

The parties filed a Notice of Need for ADR Phone Conference on November 27, 2007.  An ADR phone conference has not yet been scheduled.  The parties do not believe the case is suitable

for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### III.  DISCLOSURES AND DISCOVERY

This lawsuit is subject to the discovery stay provisions of the Private Securities Litigation Reform Act (the "PSLRA") because the Second Amended Complaint asserts claims under the Exchange Act, and because Defendants filed a motion to dismiss the Second Amended Complaint on June 6, 2008.  The PSLRA requires a stay of "all discovery and other proceedings" while a motion to dismiss is pending.  15 U.S.C. § 78u-4(b)(3)(B).

Thus, all discovery is stayed pending a determination of the sufficiency of the Second Amended Complaint, and it is premature to propose dates for designation of experts and discovery motions.

### IV.  TRIAL SCHEDULE

Lead Plaintiff has demanded a jury trial.  The parties believe it is premature to estimate a trial date or length, or propose dates for the hearing of dispositive motions or for a pretrial conference.

Dated:  August 14, 2008                Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By  s/ Bahram Seyedin-Noor
         Bahram Seyedin-Noor

Terry T. Johnson
Boris Feldman
Bahram Seyedin-Noor
Cheryl W. Foung
Bryan J. Ketroser
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendants

-6-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Dated: August 14, 2008                    FINKELSTEIN, THOMPSON LLP


By: /s/ Donald J. Enright
    Donald J. Enright

Mark Punzalan
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

- and -

Donald J. Enright
Elizabeth K. Tripodi
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Attorneys for Lead Plaintiff


**ORDER**

The Joint Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.


Dated: _____        _____
                                                Honorable Susan Illston
                                                United States District Judge

1    I, Bahram Seyedin-Noor, am the ECF User whose identification and password are being
2 used to file the Joint Case Management Statement and [Proposed] Order.  In compliance with
3 General Order 45.X.B, I hereby attest that Donald J. Enright has concurred in this filing.

5 Dated:  August 14, 2008                         WILSON SONSINI GOODRICH & ROSATI
                                                  Professional Corporation

                                                  By  s/ Bahram Seyedin-Noor
                                                        Bahram Seyedin-Noor

                                                  Attorneys for Defendants