IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER RUDOLPH, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UT STARCOM, INC., HONG LIANG LU, YING WU, MICHAEL SOPHIE, THOMAS TOY, and FRANCIS BARTON,<br><br>　　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 07-04578 SI<br><br>**ORDER DENYING DEFENDANT YING WU'S MOTION TO DISMISS** |

Defendant Ying Wu has filed a motion to dismiss plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. The motion is scheduled for hearing on February 6, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, defendant's motion to dismiss is DENIED.

**BACKGROUND**

Named plaintiff Peter Rudolph brought this securities class action against UTStarcom, Hong Liang Lu, Michael Sophie, Francis Barton and Thomas Toy on September 4, 2007. On September 13, 2007, the aforementioned defendants signed waivers of service pursuant to Federal Rule of Civil Procedure 4(d).

On January 25, 2008, plaintiffs filed an amended complaint, adding Ying Wu as a defendant.

Wu's counsel subsequently informed plaintiffs' counsel that they would not accept service or waiver of service on behalf of Wu, who resides in China. (Def.'s Mot. to Dismiss at 3.) Wu's counsel reiterated this position in the Joint Case Management Statement filed with the Court on April 9, 2008.

Defendants, including Wu, filed a motion to dismiss plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 29, 2008. Plaintiffs filed a second amended complaint on May 16, 2008, which defendants again moved to dismiss under Rule 12(b)(6) on June 6, 2008.

After being party to the litigation for over nine months and participating in two Rule 12(b)(6) motions to dismiss, Wu filed the instant motion to dismiss all of plaintiffs' claims against him pursuant to Rule 12(b)(5) for insufficient service of process.

## LEGAL STANDARD

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

## DISCUSSION

Wu seeks to dismiss all claims against him for insufficient service of process because plaintiffs failed to effectuate service of process within the 120-day time limit imposed by Rule 4(m). The Court finds that Wu waived his right to challenge the sufficiency of service when he failed to raise the defense in his previous motion to dismiss. Additionally, even if Wu had not waived his right, the 120-day time limit imposed by Rule 4(m) does not apply because Wu is a foreign defendant.

///
///
///

2

### I.  Wu Waived His Objection for Insufficient Service of Process

The Court finds that Wu waived his defense under Rule 4(m) for insufficient service of process when he failed to raise this issue in his previous motion to dismiss.

Under Rule 12(h)(1), the defense of insufficiency of service is waived if omitted from a motion filed under the circumstances described in Rule 12(g)(2). *See* Fed. R. Civ. P. 12(h)(1). Rule 12(g)(2) in turn requires a defendant to raise certain Rule 12 defenses — including insufficient process and failure to state a claim — in a single motion. *See* Fed. R. Civ. P. 12(g)(2); *see also Am. Ass'n of Neuropathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) ("[A] party 'who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job.'") (citing Fed. R. Civ. P. 12, advisory committee's note). A responsive pleading by a defendant that fails to dispute personal jurisdiction waives any defect in service or personal jurisdiction. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982)).

Wu, along with the other defendants in this case, filed two motions to dismiss: one seeking to dismiss plaintiffs' first amended complaint on February 29, 2008 and one seeking to dismiss plaintiffs' second amended complaint on June 6, 2008. Wu neither challenged nor reserved his right to challenge the sufficiency of service of process in either motion.

Wu contends that he did not waive his right to file a Rule 12(b)(5) motion to dismiss when he participated in the motion to dismiss plaintiffs' second amended complaint because the Rule 12(b)(5) defense was not available to him at that time. Specifically, Wu contends that the motion to dismiss plaintiffs' second amended complaint was filed during the 120-day time limit for effectuating service, so the Rule 12(b)(5) defense was not then available to him.

The 120-day time limit imposed by Rule 4(m) expires 120 days after the *first* complaint in which the defendant is named, however. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006). The 120-day time limit for service does not restart each time a plaintiff files a new amended complaint. *See id.* (holding that the 120-day time limit imposed by Rule 4(m) only restarts as to defendants newly added to the amended complaint). Because Wu participated in a Rule 12(b)(6) motion to dismiss more

3

than 120 days after he was named as a defendant in plaintiffs' first amended complaint, his Rule 12(b)(5) defense for insufficient service of process was available to him at that time. He therefore waived his right to challenge the sufficiency of service under Rule 12(b)(5).

## II.     Rule 4(m) Does Not Apply to Foreign Defendants

Even if Wu had not waived his Rule 12(b)(5) challenge, his argument also fails because Rule 4(m) does not apply to service on foreign defendants.

Rule 4(m) requires that a plaintiff properly serve process on each defendant within 120 days of filing a complaint. Fed. R. Civ. P. 4(m). Where a defendant is not served within 120 days, the Court must dismiss the action without prejudice against the defendant or order that service be made within a specific time. *Id.* Rule 4(m) specifically exempts service on individuals in foreign countries pursuant to Rule 4(f) from the 120-day time limit. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."); *see also Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991) ("The plain language of [Rule 4(m)] makes the 120-day service provision inapplicable to service in a foreign country.").[1] Rule 4(f), in turn, stipulates the requirements for service on individuals in foreign countries. *See* Fed. R. Civ. P. 4(f). Rule 4(f) does not impose any specific time limits. *See id.*

Wu argues that this exception does not apply here, because plaintiffs have not shown that they attempted to effectuate service on him abroad. Defendant cites two Second Circuit opinions for the proposition that plaintiffs must actually attempt service in a foreign country in order to trigger the exemption in Rule 4(f). However, the Ninth Circuit in *Lucas* expressly rejected this argument, declining to hold that a plaintiff must actually attempt service in a foreign country within 120 days of filing a complaint. *See* 936 F.2d at 433.

Thus, because Wu is a foreign defendant, the strict time limits imposed by Rule 4(m) do not apply to plaintiffs' service of their second amended complaint on him.

---

[1] When *Lucas* was decided in 1991, the current Rule 4(m) was numbered 4(j), and 4(f) was 4(i). The numbers have been adjusted in this Order for consistency.

4

**CONCLUSION**

For all of the foregoing reasons, the Court hereby DENIES defendant's motion to dismiss plaintiffs' second amended complaint for insufficient service of process.

**IT IS SO ORDERED.**

Dated: February 2, 2009

SUSAN ILLSTON
United States District Judge