1   Mark Punzalan (State Bar No. 247599)
    mpunzalan@finkelsteinthompson.com
2   **FINKELSTEIN THOMPSON LLP**
    100 Bush Street, Suite 1450
3   San Francisco, California 94104
    Telephone:  (415) 398-8700
4   Facsimile:  (415) 398-8704

5   [Additional Counsel Listed on Signature Page]

6
    Counsel for Lead Plaintiff James R. Bartholomew
7

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11  PETER RUDOLPH, individually and on        Case No. 3:07-CV-04578-SI
    behalf of all others similarly situated,
12
                                              **AMENDED [PROPOSED] ORDER**
13              Plaintiff,                     **GRANTING PRELIMINARY**
                                              **APPROVAL OF SETTLEMENT AND**
14      vs.                                   **DIRECTING DISSEMINATION OF**
                                              **NOTICE TO CLASS**
15  UTSTARCOM, HONG LIANG LU, YING
    WU, MICHAEL SOPHIE, FRANCIS
16  BARTON, AND THOMAS TOY,                   **Date:   May 29, 2009**
                                              **Time:   9:00 a.m.**
17              Defendants.                    **Room: Courtroom 10, 19th Floor**
                                              **Judge: Hon. Susan Illston**
18

19

20

21

22

23

24

25

26

27

28

1   WHEREAS, a securities class action is pending before the Court entitled *Rudolph v.*

2 *UTStarcom, Inc., et al.*, Case No. 3:07-CV-04578-SI (the "Litigation");

3   WHEREAS, the settling parties having made an application, pursuant to Federal Rule

4 of Civil Procedure 23(e), for an order preliminarily approving the settlement of this litigation,

5 in accordance with the Stipulation of Settlement dated as of May 14, 2009 (the "Stipulation"),

6 which, together with the Exhibits annexed thereto sets forth the terms and conditions for a

7 proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon

8 the terms and conditions set forth therein; and the Court having read and considered the

9 Stipulation and the Exhibits annexed thereto; and

10   WHEREAS, all defined terms contained herein shall have the same meanings as set

11 forth in the Stipulation;

12   NOW, THEREFORE, IT IS HEREBY ORDERED that:

13   1.  The terms used in this Order have the same meanings assigned to them in

14 Stipulation.

15   2.  The Court does hereby preliminarily approve the Stipulation and the

16 Settlement set forth therein, subject to further consideration at the Final Settlement Hearing

17 described below.

18   3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for the

19 purposes of the Stipulation and the proposed Settlement, the Court certifies the following

20 Class:

21   **All Persons or entities who purchased or acquired shares of UTStarcom common**

22 **stock at any time during the Class Period.**

23   Excluded from the Class are the Defendants, UTStarcom, Hong Liang Lu, Ying Wu,

24 Michael Sophie and Francis Barton; the present and former officers, directors and employees

25 of UTSI; members of the immediate families of Defendants and their legal representatives,

26 heirs, successors or assigns and any entity in which Defendants or their successors have or

27 had a controlling interest. Also excluded from the Class are those Persons who timely and

28 

1   validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed

2   Settlement of Class Action to be sent to Class Members.

3       4.    This Court finds and concludes that the Class is ascertainable and that there is

4   a well-defined community of interest in the questions of law and fact involved affecting the

5   Class Members.  The Court finds and concludes that (a) the Persons who are part of the Class

6   are so numerous that joinder of all such Persons is impracticable; (b) there are questions of

7   law and fact common to the Class that predominate over any individual questions; (c) the

8   claims of the Lead Plaintiff are typical of those of the Class; (d) in negotiating and entering

9   into the Stipulation, Lead Plaintiff and his counsel have fairly and adequately represented and

10   protected the interests of all Persons who are part of the Class; and (e) a class action is

11   superior to other available methods for the fair and efficient adjudication of the controversy,

12   considering (i) the interests of the Persons who are part of the Class in individually controlling

13   the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the

14   controversy already commenced by Persons who are part of the Class; (iii) the desirability or

15   undesirability of concentrating the litigation of the claims in this particular forum; and (iv) the

16   difficulties likely to be encountered in the management of the Litigation as a class action.

17       5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes

18   of the Settlement only, Lead Plaintiff James R. Bartholomew is appointed as Class

19   Representative and Lead Counsel Finkelstein Thompson LLP is appointed Class Counsel.

20       6.    If the Stipulation is not approved by the Court or the Settlement is terminated

21   or fails to become effective in accordance with the terms therein, this conditional certification

22   shall be vacated without further order of the Court and without prejudice to the right of any

23   party to seek or oppose class certification thereafter.

24       7.    A Final Settlement Hearing shall be held before this Court on September 18,

25   2009, at 9:00 a.m., at the United States District Court, Northern District of California, San

26   Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California to

27   determine whether the proposed Settlement of the litigation on the terms and conditions

28       2

1 provided for in the Stipulation is fair, reasonable and adequate to the Class and should be

2 approved by the Court; whether a Judgment as defined in ¶1.16 of the Stipulation should be

3 entered herein; whether the proposed Plan of Allocation is fair, reasonable and adequate and

4 should be approved; and to determine the amount of fees and expenses that should be awarded

5 to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to

6 Members of the Class.

7       8.     The Court approves, as to form and content, the Notice of Pendency and

8 Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the

9 "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2 and A-3 hereto,

10 and finds that the mailing and distribution of the Notice and publishing of the Summary

11 Notice substantially in the manner and form set forth in ¶9 of this Order meet the

12 requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice

13 practicable under the circumstances and shall constitute due and sufficient notice to all

14 Persons entitled thereto.

15       9.     The Court appoints the firm of Berdon Claims Administration LLC ("Claims

16 Administrator") to supervise and administer the notice procedure as well as the processing of

17 claims as more fully set forth below:

18       (a)     Not later than July 17, 2009 (the "Notice Date"), Lead Counsel shall

19 cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as

20 Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be

21 identified with reasonable effort; and Lead Counsel shall cause the Summary Notice to be

22 published once in *Investor's Business Daily* and on PRNewswire; and

23       (b)     At least seven (7) days prior to the Final Settlement Hearing, Lead

24 Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or

25 declaration, of such mailing and publishing.

26

27

28

3

[Proposed] Order Granting Preliminary Approval
3:07-CV-04578-SI

1       10.    Nominees who held the common stock of UTStarcom, Inc. ("UTSI")

2 purchased during the period beginning September 4, 2002 through July 24, 2007, inclusive,

3 shall send the Notice and the Proof of Claim to the beneficial owners of such UTSI common

4 stock within ten (10) days after receipt thereof, or send a list of the names and addresses of

5 such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in

6 which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to

7 such beneficial owners.

8       11.    All Members of the Class shall be bound by all determinations and judgments

9 in the litigation concerning the settlement, whether favorable or unfavorable to the Class.

10       12.    Any potential Member of the Class may request to be excluded from the Class.

11 Such request for exclusion must be postmarked on or before August 21, 2009 and delivered to

12 the Claims Administrator as set forth in the Notice.  Such requests shall clearly indicate the

13 name, address and telephone number of the person seeking exclusion and a statement that the

14 sender requests to be excluded from the Class in *Rudolph v. UTStarcom, Inc., et al*, Case No.

15 3:07-CV-04578-SI, and must be signed by such person.  Persons requesting exclusion are also

16 directed to state:  the date(s), price(s), and number(s) of shares of all purchases, other

17 acquisitions and sales of UTSI shares during the Class Period.  A request for exclusion shall

18 not be effective unless it provides the required information and is made within the time stated

19 above, or the exclusion is otherwise accepted by the Court.

20       13.    Class Members who wish to participate in the proposed Settlement shall

21 complete and submit Proof of Claim forms in accordance with the instructions contained

22 therein.  Unless the Court orders otherwise, all Proof of Claim forms must be submitted no

23 later than October 26, 2009.  Any Class Member who does not timely submit a Proof of Claim

24 within the time provided for shall be barred from sharing in the distribution of the proceeds of

25 the Settlement Fund, unless otherwise determined by Lead Counsel or ordered by the Court.

26

27

28

14.   Any Member of the Class may enter an appearance in the litigation, individually or through counsel of their own choice, at their own expense. If they do not enter an appearance, they will be represented by Lead Counsel.

15.   Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

16.   Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed Settlement of the litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before August 21, 2009, by Donald J. Enright, Finkelstein Thompson LLP, 1050 30th Street, N.W., Washington, DC 20007; Terry Johnson, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304-1050, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102, on or before August 21, 2009. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of

[Proposed] Order Granting Preliminary Approval
3:07-CV-04578-SI

1  Allocation, and to the award of attorneys' fees and reimbursement of expenses to counsel for

2  the Lead Plaintiff, unless otherwise ordered by the Court.

3       17.    All funds held by the Escrow Agent shall be deemed and considered to be in

4  *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

5  time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of

6  the Court.

7       18.    All papers in support of the Settlement, the Plan of Allocation, any application

8  by counsel for the Lead Plaintiff for attorneys' fees and reimbursement of expenses shall be

9  filed and served on or before August 7, 2009.

10       19.    The Settling Parties may respond to any objection to the Stipulation, the Plan

11  of Allocation, or the application for attorneys' fees and reimbursement of expenses, provided

12  that such response is filed and served no later than August 28, 2009.

13       20.    At or after the Final Settlement Hearing, the Court shall determine whether the

14  Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or

15  reimbursement of expenses shall be approved.

16       21.    All reasonable expenses incurred in identifying and notifying Class Members,

17  as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In

18  the event the Settlement is not approved by the Court, or otherwise fails to become effective,

19  neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any

20  amounts actually and properly disbursed from or chargeable to the Class Notice and

21  Administration Fund.

22       22.    The Court reserves the right to adjourn the date of the Final Settlement Hearing

23  without further notice to the Members of the Class, and retains jurisdiction to consider all

24  further applications arising out of or connected with the proposed settlement.  The Court may

25  approve the settlement, with such modifications as may be agreed to by the Settling Parties, if

26  appropriate, without further notice to the Class.

27

28

[Proposed] Order Granting Preliminary Approval
3:07-CV-04578-SI

1      23.    If the Settlement is not approved or consummated for any reason whatsoever,

2    the Settlement and all proceedings had in connection therewith shall be without prejudice to

3    the rights of the Parties status quo ante.

4          IT IS SO ORDERED.

5

6    DATED:  5/29/05

7                                THE HONORABLE SUSAN ILLSTON
                                 UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Granting Preliminary Approval
3:07-CV-04578-SI

# EXHIBIT A-1

1   Mark Punzalan (State Bar No. 247599)
    mpunzalan@finkelsteinthompson.com
2   **FINKELSTEIN THOMPSON LLP**
    100 Bush Street, Suite 1450
3   San Francisco, California 94104
    Telephone:  (415) 398-8700
4   Facsimile:  (415) 398-8704

5
    [Additional Counsel Listed on Signature Page]
6
7   Counsel for Lead Plaintiff James R. Bartholomew

8
                   **UNITED STATES DISTRICT COURT**
9
                 **NORTHERN DISTRICT OF CALIFORNIA**
10
                      **SAN FRANCISCO DIVISION**
11
    PETER RUDOLPH, individually and on       Case No. 3:07-CV-04578-SI
12  behalf of all others similarly situated,

13              Plaintiff,                    **NOTICE OF PENDENCY AND
                                              PROPOSED SETTLEMENT OF CLASS
14       vs.                                  ACTION**

15  UTSTARCOM, HONG LIANG LU, YING            **EXHIBIT A-1**
    WU, MICHAEL SOPHIE, FRANCIS
16  BARTON, AND THOMAS TOY,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28
                     Notice of Pendency and Proposed Settlement
                              3:07-CV-04578-SI

<u>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**</u>

**If you purchased or otherwise acquired shares of UTStarcom, Inc. ("UTSI") common stock between** September 4, 2002 and July 24, 2007, inclusive (the "Class"), then you could receive a payment from the proposed settlement of a securities class action.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement in *Rudolph v. UTStarcom, et al*, 3:07-CV-04578-SI (N.D. Cal.) (the "Action" or the "Litigation") will provide a $9.5 million settlement fund, subject to reduction for attorneys' fees and costs as provided herein, for the benefit of certain investors who purchased or otherwise acquired shares of UTSI stock between September 4, 2002 and July 24, 2007, inclusive (the "Class Period").

- The settlement resolves a lawsuit concerning allegations that certain investors who purchased or otherwise acquired UTSI shares during the Class Period were damaged as a result of Defendants' alleged dissemination of materially false and misleading statements and omissions with regards to the Company's stock option grant practices.

- Your legal rights are affected *whether you act or do not act*. Please read this notice carefully.

<u>**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**</u>

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment if you have a Recognized Claim. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against UTSI. and the other Released Parties about the Released Claims. |
| **OBJECT** | Write to the Court about why you do not like the settlement. You may, but are not required to, appear at the settlement hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge must still decide whether to approve the settlement. Payments will be made to Class members who submit timely and valid Proofs of Claim if the Court approves the settlement and after any appeals are resolved.

1

## SUMMARY OF NOTICE

2

3

### *Statement of Plaintiffs' Recovery*

4

Pursuant to the settlement described herein, a Settlement Fund consisting of $9.5

5

million in cash, plus interest (the "Gross Settlement Fund"), has been established.  A Class

6

Member's actual recovery will be a proportion of the Net Settlement Fund determined by that

7

claimant's Recognized Claim as compared to the total Recognized Claims of all Class

8

Members who submit valid Proofs of Claim.  The number of allegedly damaged UTSI Shares

9

for which claims are submitted, the time during the Class Period when a Class Member

10

purchased UTSI Shares, the purchase price paid, and whether those shares were held at the

11

end of the Class Period or sold during the Class Period, and, if sold, when they were sold, will

12

affect an individual Class Member's recovery. See the Plan of Allocation following Question

13

25 on page ___ for more information on your Recognized Claim.

14

### *Statement of Potential Outcome of Case*

15

The parties disagree on both liability and damages and do not agree on the average

16

amount of damages per share that would be recoverable if Lead Plaintiff and the Class were to

17

have prevailed on each claim alleged.  The settling Defendants deny that they are liable to the

18

Lead Plaintiff or the Class and deny that Lead Plaintiff or any other member of the Class has

19

suffered any damages.

20

21

22

23

24

25

26

27

28

1    ***Statement of Attorneys' Fees and Costs Sought***

2      Plaintiff's Lead Counsel will apply to the Court for an award of attorneys' fees not to

3 exceed thirty-three and one-third percent (33.33%) of the Settlement Fund ($3,166,350), plus

4 interest, and for reimbursement of expenses incurred in connection with the prosecution of the

5 case. Plaintiff's Lead Counsel have expended considerable time and effort in the prosecution

6 of the case on a contingent-fee basis, and have advanced the expenses of the litigation, in the

7 expectation that if they were successful in obtaining a recovery for the Class, they would be

8 paid from such recovery. In this type of litigation, counsel are typically awarded a percentage

9 of the common fund recovery as their attorneys' fees.

10 ***Further Information***

11      Further information regarding the Action and this Notice may be obtained by

12 contacting Plaintiff's Lead Counsel: Donald J. Enright, Esq., Finkelstein Thompson LLP,

13 Duvall Foundry, 1050 30th Street, N.W., Washington, D.C. 20007, Toll-free phone (877) 337-

14 1050 the Claims Administrator by mail at UTStarcom Securities Litigation, c/o Berdon

15 Claims Administration, P.O. Box 9014, Jericho, NY 11753-8914; by toll-free phone at (800)

16 766-3330; by fax at: (516) 931-0810;  or by visiting the website www.berdonclaims.com.

17 ***Reasons for the Settlement***

18      For the Plaintiff Class, the principal reason for the settlement is the benefit to be

19 provided to the Class now.  This benefit must be compared to the risk that no recovery might

20 be achieved after a contested trial and likely appeals, possibly years into the future.  For the

21 settling Defendants, who deny all allegations of wrongdoing or liability whatsoever, the

22 principal reason for the settlement is to eliminate the expense, risks and uncertain outcome of

23 the litigation.

24

25

26

27

28

1

| **WHAT THIS NOTICE CONTAINS** |
|---|

2

3

### Table of Contents

4

**Page**

5

SUMMARY OF NOTICE.............................................................................................................

6

    Statement of Plaintiff's Recovery ....................................................................................

7

    Statement of Potential Outcome of Case..........................................................................

8

    Statement of Attorneys' Fees and Costs Sought .............................................................

9

    Further Information ..........................................................................................................

10

    Reasons for the Settlement ..............................................................................................

11

12

BASIC INFORMATION .........................................................................................................

13

        1.      Why did I get this notice package?.........................................................

14

        2.      What is this lawsuit about?.....................................................................

15

        3.      Why is this a class action?......................................................................

16

        4.      Why is there a settlement?......................................................................

17

WHO IS IN THE SETTLEMENT ...........................................................................................

18

        5.      How do I know if I am part of the settlement?.......................................

19

        6.      Are there exceptions to being included? ................................................

20

        7.      What if I am still not sure if I am included?...........................................

21

THE SETTLEMENT BENEFITS — WHAT YOU GET ........................................................

22

        8.      What does the settlement provide?..........................................................

23

        9.      How much will my payment be?.............................................................

24

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM ...................

25

        10.     How can I get a payment? ......................................................................

26

        11.     When would I get my payment?.............................................................

27

28

4

1    12.    What am I giving up to get a payment or stay in the Class? ........................

2  EXCLUDING YOURSELF FROM THE SETTLEMENT .........................................................

3    13.    How do I get out of the proposed settlement? ...............................................

4    14.    If I do not exclude myself, can I sue UTSI and the other Released
5           Parties for the same thing later? ...................................................................

6    15.    If I exclude myself, can I get money from the proposed settlement? ...........

7  THE LAWYERS REPRESENTING YOU ...........................................................................

8    16.    Do I have a lawyer in this case? ....................................................................

9    17.    How will the lawyers be paid? .......................................................................

10  OBJECTING TO THE SETTLEMENT ............................................................................

11    18.   How do I tell the Court that I do not like the proposed settlement? ..............

12    19.   What is the difference between objecting and excluding? ...........................

13  THE COURT'S FINAL SETTLEMENT HEARING ..........................................................

14    20.   When and where will the Court decide whether to approve the proposed
15           settlement? ...................................................................................................

16    21.   Do I have to come to the hearing? ................................................................

17    22.   May I speak at the hearing? ..........................................................................

18  IF YOU DO NOTHING ...............................................................................................

19    23.   What happens if I do nothing at all? .............................................................

20  GETTING MORE INFORMATION ...............................................................................

21    24.   Are there more details about the proposed settlement? ...............................

22    25.   How do I get more information? .....................................................................

23  PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS ........

24  PROHIBITED TRANSACTIONS — SPECIAL NOTICE TO ERISA PLANS AND PLAN
25           FIDUCIARIES ...............................................................................................

26  SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ...........................

27

28

5

## BASIC INFORMATION

---

**1. Why did I get this notice package?**

---

You or someone in your family may have purchased or otherwise acquired shares of UTSI common stock between September 4, 2002 and July 24, 2007, inclusive.

The Court directed that this Notice be sent to potential Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement and any appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Rudolph v. UTStarcom, et al*, 3:07-CV-04578-SI (N.D. Cal.). This case was assigned to the Honorable United States District Judge Susan Illston. The persons who sued are called the Plaintiffs; and the court-appointed Lead Plaintiff, James R. Bartholomew, was appointed on December 18, 2007. The company and the persons they sued, UTSI, Hong Liang Lu, Ying Wu, Michael Sophie, and Francis Barton are called the Defendants.

---

**2. What is this lawsuit about?**

---

Lead Plaintiff alleges that between 2000 and 2002, UTSI backdated stock options granted to the individual defendants to a day on or near when UTSI stock was at an usually low and favorable price. Lead Plaintiff further alleges that as a result of the backdating, UTSI overstated its profits and understated compensation during the class period. The Defendants have vigorously denied and continue to deny any wrongdoing and insist that at all times they acted properly and that, as a result, there is no liability to Plaintiffs or the Class.

1    Lead Plaintiff's Second Amended Complaint (the "Complaint") filed on May 16,

2    2008, alleges that Defendants violated Section 10(b) of the Securities Exchange Act of 1934

3    and Rule 10b-5, promulgated thereunder by the Securities and Exchange Commission.  The

4    Complaint also alleges that financial statements were filed and other statements were issued

5    by and on behalf of UTSI that had materially false and misleading information about the

6    Company's options granting processes, the financial performance and condition of UTSI.

7    When this information became public, the Complaint alleges that the share price fell and

8    shareholders were damaged.  The Complaint also asserted "control person" claims against the

9    individual Defendants under Section 20(a) of the Securities Exchange Act of 1934.  The

10   lawsuit seeks money damages against the Defendants for violations of the federal securities

11   laws.  Defendants have denied and continue to deny each and all of the claims and contentions

12   alleged by the Plaintiffs in the Litigation.  Defendants continue to assert that they did not

13   violate Sections 10(b) or 20(a) of the Securities Exchange Act of 1934, that they did not

14   engage in any conduct that could give rise to any liability to Plaintiffs or the Class, that none

15   of the claimed statements of omissions caused damages to Plaintiffs or the Class, that none of

16   the claimed misstatements or omissions were material, and that any misstatement they may

17   have made were the result of excusable neglect and were not the result of any intention to

18   defraud.

19

20   | **3.  Why is this a class action?** |
     | --- |

21   In a class action, one or more people called Class Representatives (in this case, the

22   Lead Plaintiff James R. Bartholomew), sue on behalf of people who have similar claims.  All

23   persons with similar claims are Class Members, who together constitute the Class.  Bringing a

24   case, such as this one, as a class action allows the collective adjudication of many similar

25   claims that might be economically too small to bring in individual actions.  One court resolves

26   the issues for all Class Members, except for those who exclude themselves from the Class.

27

28

Notice of Pendency and Proposed Settlement
3:07-CV-04578-SI

1

**4. Why is there a settlement?**

2

3    Because of the risks associated with continuing to litigate and proceeding to trial, there

4    was a danger that Lead Plaintiff would not have prevailed on any of his claims, in which case

5    the Class would receive nothing.  The Defendants have asserted that they did not engage in

6    any wrongful conduct and have no liability for any breach of the federal securities laws.

7    Further, the amount of damages recoverable by the Class was and is challenged by

8    Defendants, and Lead Plaintiff runs the risk that he cannot prove any compensable loss or

9    damages to the Class.  Recoverable damages in this case are limited to losses caused by

10   conduct actionable under applicable law and, had the Litigation gone to trial, Defendants

11   would have asserted that all of the losses of Class Members were caused by non-actionable

12   market, industry or general economic factors.  Defendants would also assert that throughout

13   the Class Period the uncertainties and risks associated with the purchase of UTSI common

14   stock were fully and adequately disclosed.  Thus, there is a risk that Lead Plaintiff would not

     have established any liability or damages against the Defendants.

15   The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides

16   agreed to a settlement.  In this manner, they avoid the risks and cost of a trial, including the

17   risk that there would be no recovery by any members of the Class.  The Lead Plaintiff and his

18   attorneys think the settlement is best for all Class Members.  The settling Defendants in this

19   Action, while continuing to deny all allegations of wrongdoing or liability whatsoever,

20   recognize the expense, risks and uncertain outcome of litigation and appeals, especially in a

21   complex action such as this, and wish to avoid the uncertainties, burdens and costs associated

22   with further litigation.

23

     **WHO IS IN THE SETTLEMENT**

24   To see if you will get money from this settlement, you must be a Class Member.

25   **5. How do I know if I am part of the settlement?**

26

27

28                                            8

1    The Court directed that, for the purposes of the proposed settlement, everyone who fits

2  this description is a Class Member:  *all Persons who purchased or otherwise acquired shares*

3  *of UTStarcom, Inc. common stock between September 4, 2002 and July 24, 2007, inclusive.*

4  **6. Are there exceptions to being included?**

5    Excluded from the Class are the Defendants, UTSI, Hong Liang Lu, Ying Wu,

6  Michael Sophie and Francis Barton, the present and former officers, directors and employees

7  of UTSI, members of their immediate families and their legal representatives, heirs,

8  successors or assigns and any entity in which Defendants or their successors have or had a

9  controlling interest.

10    If one of the mutual funds in which you are invested purchased or otherwise acquired

11 UTSI Shares during the Class Period, that does not make you a Class Member.  You are a

12 Class Member only if you directly purchased or otherwise acquired UTSI Shares during the

13 Class Period.  Contact your broker to see if you purchased or otherwise acquired UTSI Shares

14 during the Class Period.

15    If you **sold** but did not purchase UTSI Shares during the Class Period, you are not a

16 Class Member.  You are a Class Member only if you **purchased or otherwise acquired** your

17 shares during the Class Period.

18

19 **7. What if I am still not sure if I am included?**

20    If you are still not sure whether you are included, you can ask for free help.  You can

21 contact the Claims Administrator by writing to UTStarcom Securities Litigation, c/o Berdon

22 Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914; by faxing to (516)

23 931-0810; by calling (800) 766-3330; or by visiting the website www.berdonclaims.com for

24 more information.  Or you can fill out and return the Proof of Claim form described in

25 Question 10 on page ___ to see if you qualify.

26    **THE SETTLEMENT BENEFITS — WHAT YOU GET**

27

28                                          9

**8. What does the settlement provide?**

Defendants have agreed to create a $9.5 million fund to be distributed, after the payment of claims administration and notice costs and Lead Counsel's attorneys' fees and expenses as awarded by the Court, to all Class Members who send in a valid and timely Proof of Claim form. In return, the Parties will agree to dismiss the Action and Lead Plaintiff and all Class Members who do not opt out agree to release, relinquish and discharge all Released Claims (including Unknown Claims) against the Defendants and their respective Related Parties, whether or not these Class Members execute and deliver the Proof of Claim and Release.

**9. How much will my payment be?**

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many UTSI Shares you bought or acquired, how much you paid for them, and when you bought or acquired and whether or when you sold them.

By reading the Plan of Allocation on page __ of this Notice, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for 100% of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. Please refer to the Plan of Allocation on page __ for more information on your Recognized Claim.

**HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM**

**10. How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form accompanies this Notice. You may also download a Proof of Claim form from the Claims Administrator's website, www.berdonclaims.com. Read the instructions carefully, fill

10

1    out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it

2    postmarked no later than October 26, 2009.

3

4    | **11.  When would I get my payment?** |

5            The Court will hold a hearing on September 18, 2009, to decide whether to approve

6    the settlement.  If the Court approves the settlement, one or more appeals may follow.  It is

7    always uncertain how any such appeal will be resolved, and resolving them can take time,

8    perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.

9

10   | **12.  What am I giving up to get a payment or stay in the Class?** |

11           Unless you exclude yourself, you will remain a member of the Class, and that means

12   that, upon the "Effective Date," you will release all "Released Claims" (as defined below)

13   against the "Released Parties" (as defined below).

14           The "Effective Date" will occur when an Order entered by the Court approving the

15   settlement becomes final and not subject to appeal and when all conditions of the Stipulation

16   have been met.

17           "Released Claims" shall collectively mean all claims (including Unknown Claims as

18   defined below), demands, rights, liabilities and causes of action of every nature and

19   description whatsoever, known or unknown, whether or not concealed or hidden, asserted or

20   that might have been asserted, including, without limitation, claims for negligence, gross

21   negligence, breach of fiduciary duty of care and/or loyalty, fraud or violations of any state or

22   federal common law or statutes, rules or regulations, by the Lead Plaintiff or any Class

23   Member against the Released Persons (as defined below) arising out of or based upon (1) the

24   purchase, other acquisition, retention or sale of any securities of UTSI, by Lead Plaintiff or

25   any Class Member during the Class Period, and (2) the events and facts alleged in Lead

26   Plaintiff's Second Amended Complaint concerning UTSI's stock option grants.

27

28                                          11

1    "Released Persons" means each and all of the Defendants and their Related Parties (as

2    defined below).

3        "Related Parties" means each of a Defendant's past or present directors, officers,

4    employees, partners, insurers, co-insurers, reinsurers, attorneys, accountants or auditors,

5    banks or investment banks, advisors, personal or legal representatives, predecessors,

6    successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated

7    entities, any entity in which a Defendant or UTSI has a controlling interest, any member of an

8    Individual Defendant's immediate family, or any trust of which any Individual Defendant is

9    the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his

10   family.

11       "Unknown Claims" means any Released Claims which the Plaintiffs or any Class

12   Member does not know or suspect to exist in his, her or its favor at the time of the release of

13   the Released Persons which, if known by him, her or it, might have affected his, her or its

14   settlement with and release of the Released Persons, or might have affected his, her or its

15   decision not to object to this settlement.  With respect to any and all Released Claims, the

16   Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly

17   waive, and each of the Class Members shall be deemed to have, and by operation of law shall

18   have, expressly waived, the provisions, rights and benefits of California Civil Code §1542,

19   which provides:

20
     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
21   THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
     OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
22   WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
     AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.
23

24   The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to

     have, and by operation of law shall have, expressly waived, any and all provisions, rights and
25
     benefits conferred by any law of any state or territory of the United States, or principle of
26
     common law, which is similar, comparable or equivalent to California Civil Code §1542.  The
27
     Plaintiffs and/or each of the Class Members may hereafter discover facts in addition to or
28
                                           12
     ─────────────────────────────────────────

1  different from those which he, she or it now knows or believes to be true with respect to the

2  subject matter of the Released Claims, but the Plaintiffs shall expressly waive, and each Class

3  Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment

4  shall have, fully, finally, and forever settled and released any and all Released Claims, known

5  or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

6  concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or

7  equity now existing or coming into existence in the future, including, but not limited to,

8  conduct which is negligent, intentional, with or without malice, or a breach of any duty, law

9  or rule, without regard to the subsequent discovery or existence of such different or additional

10  facts. The Plaintiffs acknowledge, and each of the Class Members shall be deemed by

11  operation of law to have acknowledged, that the foregoing waiver was separately bargained

12  for and a key element of the settlement of which this release is a part.

13         If you remain a member of the Class, all of the Court's orders will apply to you and

14  legally bind you.

15                    **EXCLUDING YOURSELF FROM THE SETTLEMENT**

16         If you do not want a payment from this settlement, but you want to keep any right you

17  may have to sue or continue to sue UTSI and the other Released Parties on your own about

18  the Released Claims, then you must take steps to exclude yourself — or as it is sometimes

19  referred to, you must "opt out" of the settlement Class. The settling Defendants may

20  withdraw from and terminate the Settlement if Class Members who purchased or otherwise

21  acquired during the Class Period five percent (5%) or more of outstanding UTSI Shares

22  exclude themselves from the Class.

23

24  | **13. How do I get out of the proposed settlement?** |

25         To exclude yourself from the settlement Class, you must send a letter by mail stating

26  that you "request exclusion from the Class in the *Rudolph v. UTStarcom, et al*, 3:07-CV-

27  04578-SI (N.D. Cal.)." Your letter must state the date(s), price(s) and number(s) of shares of

28                                        13

1   all your purchases, acquisitions and sales of UTSI Shares during the Class Period.  In

2   addition, be sure to include your name, address, daytime telephone number and your

3   signature.  You must mail your exclusion request **postmarked no later than August 21,**

4   **2009** to the Claims Administrator at:

UTStarcom Securities Litigation – Exclusion Requests
c/o Berdon Claims Administration, LLC
P.O. Box 9014
Jericho, NY 11753-8914

**You cannot exclude yourself by telephone, by fax or by e-mail.**  If you ask to be

excluded, you will not get any settlement payment, and you cannot object to the settlement.

You will not be legally bound by anything that happens in this lawsuit, and you may be able

to sue UTSI and the other Released Parties about the Released Claims in the future.

**14.  If I do not exclude myself, can I sue UTSI and the other Released Persons later for the Released Claims?**

No.  Unless you exclude yourself, you give up any rights to sue UTSI and the other

Released Parties, or to enforce any existing judgments against any of the Released Parties, for

any and all Released Claims.  If you have a pending lawsuit against UTSI or the other

Released Parties, speak to your lawyer in that case immediately, to determine if you have to

exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion

deadline is August 21, 2009.

**15.  If I exclude myself, can I get money from the proposed settlement?**

No.  **If you exclude yourself, do not send in a Proof of Claim form** to ask for any

money.  But, you may exercise any right you may have to sue, continue to sue or be part of a

different lawsuit against UTSI and the other Released Parties about the Released Claims.

### THE LAWYERS REPRESENTING YOU

**16.  Do I have a lawyer in this case?**

14

Notice of Pendency and Proposed Settlement
3:07-CV-04578-SI

1    The Court appointed the law firm of Finkelstein Thompson LLP in San Francisco,

2  California and Washington, D.C. to represent all Class Members.  These lawyers are called

3  Plaintiffs' Lead Counsel.  You will **not** be separately charged for these lawyers.  If you want

4  to be represented by your own lawyer, you may hire one at your own expense.

5

6  | **17.  How will the lawyers be paid?** |

7    Plaintiffs' Lead Counsel are moving the Court to award attorneys' fees from the

8  Settlement Fund in an amount not to exceed thirty-three and one third percent (33.33%) of the

9  Gross Settlement Fund and for reimbursement of their expenses, plus interest on such fees and

10  expenses at the same rate as earned by the Settlement Fund.  Plaintiffs' Lead Counsel, without

11  further notice to the Class, may subsequently apply to the Court for fees and expenses

12  incurred in connection with administering and distributing the settlement proceeds to the

13  members of the Class and any proceedings subsequent to the Final Settlement Hearing.

14  **<u>OBJECTING TO THE SETTLEMENT</u>**

15    You can tell the Court that you do not agree with the settlement or some part of it.

16  | **18.  How do I tell the Court that I do not like the proposed settlement?** |

17    If you are a Class Member, you can object to the settlement or any of its terms, the

18  proposed Plan of Allocation, or the application by Plaintiffs' Lead Counsel for an award of

19  fees and reimbursement of expenses.  You may write to the Court setting out your objections.

20  You may give reasons why you think the Court should not approve any or all of the settlement

21  terms or arrangements and submit any documentation you believe is appropriate.  The Court

22  will only consider your views if you file a proper objection within the deadline identified and

23  according to the following procedures.

24    To object, you must send a signed letter or other court submission stating that you

25  object to the proposed settlement in *Rudolph v. UTStarcom, et al*, 3:07-CV-04578-SI (N.D.

26  Cal.).  You must include your name, address, telephone number, and your signature, identify

27  the date(s), price(s) and number(s) of shares of all purchases and sales of the UTSI Shares you

28

15

1   made during the Class Period, and state the reasons why you object to the settlement.  Your

2   objection must be filed with the Court and served on all the following counsel so that it is

3   actually received not merely postmarked on or before August 21, 2009:

4   **COURT:**

5                          Clerk of the Court
               United States District Court Northern District of California
6                          450 Golden Gate Ave.
                           San Francisco, CA 94102

7

8   **PLAINTIFF'S LEAD COUNSEL:**
                          Donald J. Enright, Esq.
9                     FINKELSTEIN THOMPSON LLP
                          1050 30th Street, N.W.
10                        Washington, D.C. 20007

11  **DEFENSE COUNSEL:**
                          Terry T. Johnson, Esq.
12              WILSON SONSINI GOODRICH & ROSATI
                          650 Page Mill Road
13                        Palo Alto, CA  94304-1050

14

15         You do not need to go to the Final Settlement Hearing to have your written objection

16  considered by the Court.  At the Final Settlement Hearing, any Class Member who has not

17  previously submitted a request for exclusion from the Class and who has complied with the

18  procedures set out in this Question 18 and in Questions 20 and 22 below for filing with the

19  Court and providing to the counsel for the Class and settling Defendants a statement of an

20  intention to appear at the Final Settlement Hearing may also appear and be heard, to the extent

21  allowed by the Court, to state any objection to the settlement, the Plan of Allocation or

22  Plaintiff's Lead Counsel's motion for an award of attorneys' fees and reimbursement of

23  expenses.  Any such objector may appear in person or arrange, at that objector's expense, for

24  a lawyer to represent the objector at the Hearing.

25

26  | **19.  What is the difference between objecting and excluding?** |
    |---|

27

28                                    16

1     Objecting is simply telling the Court that you do not like something about the

2  proposed settlement.  You can object only if you stay in the Class.  Excluding yourself is

3  telling the Court that you do not want to be part of the Class.  If you exclude yourself, you

4  have no basis to object because the case no longer affects you.

5

6               **THE COURT'S FINAL SETTLEMENT HEARING**

7     The Court will hold a hearing to decide whether to approve the proposed settlement.

8  You may attend and you may ask to speak, but you do not have to.

9  | **20.  When and where will the Court decide whether to approve the proposed settlement?** |
| --- |

10     The Court will hold a Final Settlement Hearing at 9:00 a.m. on September 18, 2009, at

11  the United States District Court for the Northern District of California, 450 Golden Gate

12  Avenue, San Francisco, CA 94102.  At this hearing the Court will consider whether the

13  settlement is fair, reasonable and adequate.  At the Final Settlement Hearing, the Court also

14  will consider the proposed Plan of Allocation for the proceeds of the settlement and the

15  application of Plaintiff's Lead Counsel for attorneys' fees and reimbursement of expenses.

16  The Court will take into consideration any written objections filed in accordance with the

17  instructions at question 18.  The Court also may listen to people who have properly indicated,

18  within the deadline identified above, an intention to speak at the hearing; but decisions

19  regarding the conduct of the hearing will be made by the Court.  (Please refer to question 22

20  for more information about speaking at the hearing.)  The Court will also decide to the

21  amount of attorneys' fees and expenses to award Plaintiff's Counsel.  After the hearing, the

22  Court will decide whether to approve the settlement.  We do not know how long these

23  decisions will take.

24     You should be aware that the Court may change the date and time of the Final

25  Settlement Hearing.  Thus, if you want to come to the hearing, you should check with

26  Plaintiff's Lead Counsel before coming to be sure that the date and/or time has not changed.

27

28

**21. Do I have to come to the hearing?**

No. Plaintiff's Lead Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but attendance is not mandatory. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**22. May I speak at the hearing?**

If you object to the settlement, you may ask the Court for permission to speak at the Final Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement stating that it is your "Notice of Intention to Appear in *Rudolph v. UTStarcom, et al*, 3:07-CV-04578-SI." Class members who intend to object to the settlement, the Plan of Allocation, or counsel's application for an award of attorneys' fees and reimbursement of expenses and desire to present evidence at the Final Settlement Hearing must include in their written objections the identity of any witnesses they propose to call to testify and any exhibits they intend to offer into evidence at the Final Settlement Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Final Settlement Hearing by the deadline identified, and in accordance with the procedures described in question 18 above.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement and, if the settlement becomes final, you will be precluded from starting, continuing with or being part of any other lawsuit against UTSI and the other Released Parties about the Released Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10). To start, continue or be a part of any other lawsuit against UTSI and the other

1    Released Parties about the Released Claims in this case you must exclude yourself from this

2    class (see question 13).

3                              **GETTING MORE INFORMATION**

4    | **24.  Are there more details about the proposed settlement?** |

5         This notice summarizes the proposed settlement.  More details are in a Stipulation of

6    Settlement dated as of May 14, 2009 (the "Stipulation").  You may obtain a copy of the

7    Stipulation by writing to Donald J. Enright, Esq., Finkelstein Thompson LLP, 1050 30th

8    Street, N.W., Washington, D.C. 20007 or on the Claims Administrator's website at

9    www.berdonclaims.com.

10        You also can contact the Claims Administrator by mail at UTStarcom Securities

11   Litigation, c/o Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914;

12   by fax at (516) 931-0810; by toll-free phone at (800) 766-3330; or by visiting the website

13   www.berdonclaims.com to obtain a Proof of Claim form, plus other information to help you

14   determine whether you are a Class Member and whether you may be eligible for a payment.

15

16   | **25.  How do I get more information?** |

17

18        For even more detailed information concerning the matters involved in this Action,

19   reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and

20   to the other papers filed in the Action, which may be inspected at the Office of the Clerk of

21   the United States District Court for the Northern District of California, 450 Golden Gate

22   Avenue, San Francisco, CA 94102, during regular business hours.

23                  **PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

24                              **AMONG CLASS MEMBERS**

25        The $9,500,000 Cash Settlement Amount and the interest earned thereon shall be the

26   Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and

27   expenses (the "Net Settlement Fund") shall be distributed to members of the Class who

28   submit valid Proofs of Claim ("Authorized Claimants").

                                           19

1      The Claims Administrator shall determine each Authorized Claimant's *pro rata* share

2 of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

3 The Recognized Claim formula is not intended to be an estimate of the amount of what a

4 Class Member might have been able to recover after a trial; nor is it an estimate of the amount

5 that will be paid to Authorized Claimants pursuant to the settlement.  The Recognized Claim

6 formula is the basis upon which the Net Settlement Fund will be proportionately allocated to

7 the Authorized Claimants.

8      The Class Period begins September 4, 2002 and ends on July 24, 2007.

9      The following Plan of Allocation formula reflects the Lead Plaintiff's assertion that

10 the price of UTStarcom Shares was allegedly inflated throughout the Class Period, and such

11 artificial inflation was reduced and ultimately eliminated by two corrective disclosures on

12 November 7, 2006 and July 24, 2007.  Following the November 7, 2006 disclosure of

13 UTStarcom's options grant investigation, the Company's share price experienced a

14 statistically significant share price drop of $0.91 from a closing price of $10.23 on November

15 7, 2006 to a closing price of $9.32 on November 9, 2006.  The average closing price of UTSI

16 Shares for the 90-day period following the alleged partial corrective disclosure, *i.e.*, between

17 November 7, 2006 and February 5, 2007, was $8.96 per share.  Following the July 24, 2007

18 disclosure of the results of the options grant investigation and the related restatement of the

19 Company's historic financial reports, the share price dropped a statistically significant $1.03

20 from a closing price of $4.73 on July 23, 2007 to a closing price of $3.70 on July 25, 2007.

21      For each share of UTStarcom common stock purchased or otherwise acquired from

22 September 4, 2002 through November 7, 2006, and:

23      (a)   sold prior to the close of trading on November 7, 2006, the Recognized Claim is

24 zero;

25      (b)   sold during the period from November 8, 2006 through July 24, 2007, the

26 Recognized Claim is *the lesser of* (i) $0.91 or (ii) the purchase price minus $8.96;

27

28

1    (c)   retained at the close of trading on July 24, 2007, the Recognized Loss is *the*

2    *lesser of* (i) 1.94 or (ii) the purchase price minus $7.93 ($8.96 - $1.03).

3         For each share of UTStarcom common stock purchased or otherwise acquired during

4    the period November 8, 2006 through July 24, 2007, <u>and</u>:

5         (a)   sold prior to the close of trading on July 24, 2007, the Recognized Claim is zero;

6         (b)   retained at the close of trading on July 24, 2007, the Recognized Claim is $1.03.

7    <u>General Provisions</u>:

8         (a)      The date of purchase or sale is the "contract" or "trade" date and not the

9    "settlement" date;

10        (b)      Brokerage commissions, taxes and fees should be excluded from the purchase

11   and sale price;

12        (c)      Where shares of UTSI common stock were purchased or sold by reason of

13   having exercised an option, the option premium should be incorporated into the price

14   accordingly;

15        (d)      In processing the claims, the first-in, first-out basis ("FIFO") will be applied to

16   purchases and sales, meaning that the Class Period sales will be matched first against any

17   UTSI shares held at the beginning of the Class Period and then against purchases in

18   chronological order.

19        (e)      The date of covering a "short sale" is deemed to be the date of purchase of

20   UTSI common stock.  The date of a "short sale" is deemed to be the date of sale of UTSI

21   common stock.  Shares originally sold short will have a Recognized Claim of zero.

22        (f)      All profits will be subtracted from all losses, computed in the manner

23   described above, to determine the net Recognized Claim of each Authorized Claimant.

24        The receipt or grant of an *inter vivos* gift or a distribution from an estate of UTSI

25   Shares during the Class Period shall not be deemed to be a purchase of UTSI Shares.  The

26   recipient of a gift or a distribution from an estate of UTSI Shares, however, shall be eligible to

27   file a Proof of Claim and participate in the Settlement to the extent the particular donor or

28                                           21

1    decedent as the actual purchaser of such UTSI Shares would have been eligible, and based

2    upon the circumstances of such purchase within the Class Period; however, donee and donor

3    may not both claim with regard to the same UTSI Shares.  If both donor and donee make such

4    a claim, only the claim filed by the donor will be honored.

5         Class Members who do not submit valid Proofs of Claim will not share in the

6    settlement proceeds.  Class Members who do not either submit a request for exclusion or

7    submit a valid Proof of Claim will nevertheless be bound by the settlement and the Order and

8    Final Judgment of the Court dismissing this Action.

9         Distributions will be made to Authorized Claimants after all claims have been

10   processed and after the Court has finally approved the settlement.  If any funds remain in the

11   Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims

12   Administrator has made reasonable and diligent efforts to have Class Members who are

13   entitled to participate in the distribution of the Net Settlement Fund cash their distributions,

14   any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of

15   such funds shall be redistributed to Class Members who have cashed their initial distributions

16   and who would receive at least $10.00 from such re-distribution, after payment of any unpaid

17   costs or fees incurred in administering the Net Settlement Fund for such re-distribution.

18        Plaintiffs, settling Defendants, their respective counsel, and all other Released Parties

19   shall have no responsibility for or liability whatsoever for the investment or distribution of the

20   Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination,

21   administration, calculation or payment of any Proof of Claim or non-performance of the

22   Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or

23   any losses incurred in connection therewith.

24

25                              **PROHIBITED TRANSACTIONS**

26

27

28                                          22

## SPECIAL NOTICE TO ERISA PLANS AND PLAN FIDUCIARIES

If you received this notice as a fiduciary of a plan subject to the requirements of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), or as representative of an entity deemed to hold ERISA plan assets (collectively, "ERISA Plans"), and such ERISA Plan is a Class Member, you should be aware that the participation of the ERISA Plan in the settlement may be subject to rules prohibiting ERISA Plans from entering into certain transactions with "parties in interest." A violation of the prohibited transaction rule by an ERISA Plan could expose the "parties in interest" to tax penalties and could create a risk that the settlement would have to be unwound to "correct" the prohibited transaction. Because of these risks, in order to participate in the settlement, any Class Member that is an ERISA Plan must satisfy the requirements for an exemption from the prohibited transaction rule set forth in 26 U.S.C. § 4975.

Any such Class Member that is an ERISA Plan shall notify the Court, Lead Counsel and Defendants' Counsel in writing that it is such a plan; and, if such Class Member is not submitting a request for exclusion from the settlement, that Class Member must submit a certification by its fiduciary responsible for assessing the settlement, that such Class Member has complied with the requirements for exemption from the prohibited transaction rule. Copies of such notice and certification are to be served on the Court, Lead Counsel and Defendants' Counsel at the addresses identified in connection with question 18 within ten (10) days of receipt of this Notice. Any Class Member that is an ERISA Plan, and has submitted a Proof of Claim but has failed to provide the indicated certification, or notice to the Court, Lead Counsel and Defendants' Counsel, shall be deemed to have requested exclusion and shall be excluded from the settlement. Any Class Member that is an ERISA Plan but fails to submit a Proof of Claim will **not** be deemed to have requested exclusion and will be precluded from starting, continuing with or being part of any other lawsuit against UTSI and the other Released Parties about the Released Claims (see question 23).

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you held shares of UTSI common stock that were purchased or otherwise acquired between September 4, 2002 and July 24, 2007, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, **within seven (7) days of your receipt of this Notice**, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you held UTSI shares that were purchased or otherwise acquired between September 4, 2002 and July 24, 2007, inclusive – **preferably in an MS Excel data table setting forth: (i) title/registration, (ii) street address, (iii) city/state/zip; or on electronic mailing labels in MS Word or WordPerfect files; or on physical mailing labels** -  or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of those UTSI shares.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid after request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

UTStarcom Securities Litigation
c/o Berdon Claims Administration, LLC
P.O. Box 9014
Jericho, NY 11753-8914
Toll-free phone: (800) 766-3330
Facsimile: (516) 931-0810
Website: www.berdonclaims.com

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

24

1

2   Dated: _____, 2009          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
3                                      NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Pendency and Proposed Settlement
3:07-CV-04578-SI

# EXHIBIT A-2

1   Mark Punzalan (State Bar No. 247599)
    mpunzalan@finkelsteinthompson.com
2   **FINKELSTEIN THOMPSON LLP**
    100 Bush Street, Suite 1450
3   San Francisco, California 94104
    Telephone: (415) 398-8700
4   Facsimile: (415) 398-8704

5
    Counsel for Lead Plaintiff James R. Bartholomew
6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9                        **SAN FRANCISCO DIVISION**

10  PETER RUDOLPH, individually and on          Case No. 3:07-CV-04578-SI
    behalf of all others similarly situated,
11
12              Plaintiff,
                                                **PROOF OF CLAIM AND RELEASE**
13       vs.
                                                **EXHIBIT A-2**
14  UTSTARCOM, HONG LIANG LU, YING
    WU, MICHAEL SOPHIE, FRANCIS
15  BARTON, AND THOMAS TOY,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28
                        Proof of Claim and Release
                        3:07-CV-04578-SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF CLAIM AND RELEASE

### *DEADLINE FOR SUBMISSION: OCTOBER 26, 2009*

**IF YOU PURCHASED UTSTARCOM, INC. ("UTSI") COMMON STOCK DURING THE PERIOD SEPTEMBER 4, 2002 THROUGH JULY 24, 2007, INCLUSIVE, YOU ARE A CLASS MEMBER.**

**Excluded from the Class are the Defendants, UTStarcom, Inc., Hong Liang Lu, Ying Wu, Michael Sophie and Francis Barton, the present and former officers and directors of UTSI, members of the immediate families of defendants and their legal representatives, heirs successors or assigns and any entity in which Defendants or their successors have or had a controlling interest.**

**Also excluded from the Class are those Persons who timely and validly request exclusion from the class pursuant to the Notice of Pendency and Proposed Settlement of Class Action accompanying this Proof of Claim and Release.**

**I.     GENERAL INSTRUCTIONS**

A.     To recover as a Member of the Class based on your claims in the action entitled *Rudolph v. UTStarcom., et al,* 3:07-CV-04578-SI (N.D. Cal.) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed Proof of Claim and Release (as set forth in paragraph C below), your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the litigation.

B.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

1      C.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF

2  CLAIM AND RELEASE **POSTMARKED ON OR BEFORE OCTOBER 26, 2009,**

3  ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:

4

5                UTStarcom Securities Litigation
             c/o Berdon Claims Administration LLC

6                     P.O. Box 9014
                Jericho, NY 11753-8914

7

8  **You will bear all risks of delay or non-delivery of your claim**. If you are NOT a Member

9  of the Class (as defined in the "Notice of Pendency and Proposed Settlement of Class

10  Action") DO NOT submit a Proof of Claim and Release form.

11      D.     If you are a Member of the Class, you are bound by the terms of any judgment

12  entered in the litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND

13  RELEASE.

14  **II.    CLAIMANT IDENTIFICATION INSTRUCTIONS**

15      A.     If you purchased UTSI common stock and held the certificate(s) in your name,

16  you are the beneficial owner as well as the record owner. If, however, the certificate(s) were

17  registered in the name of a third party, such as a nominee or brokerage firm, you are the

18  beneficial owner and the third party is the record owner.

19      B.     Use Section IV of this form entitled "Claimant Identification" to identify each

20  owner of record ("nominee"), if different from the beneficial owner of UTSI common stock

21  which forms the basis of this claim.

22      C.     THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

23  OWNERS, OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS, OF THE

24  UTSTARCOM COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

25      D.     A separate claim must be filed for each type of account or ownership (i.e.,

26  individual account, IRA account, joint account, custodial account, etc.). Joint tenants or

27  UGMA custodians should file a single claim.

28

1      E.      All joint owners must sign this claim. Executors, administrators, guardians,

2    conservators and trustees must complete and sign this claim on behalf of persons represented

3    by them. Documentation establishing their authority must accompany this claim and their

4    titles or capacities must be stated.

5      F.      The Social Security or Taxpayer Identification number and telephone number

6    of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing

7    information could delay verification of your claim or result in rejection of the claim.

8    **III.    TRANSACTION SCHEDULE INSTRUCTIONS**

9      A.      Use Section V of this form entitled "Schedule of Transactions in UTSI

10   Common Stock" to supply all required details of your transaction(s) in UTSI common stock.

11   If you need more space or additional schedules, attach separate sheets giving all of the

12   required information in substantially the same form. Sign and print or type your name and

13   Social Security or Taxpayer Identification number on each additional sheet.

14     B.      List each transaction in the Class Period separately and in chronological order,

15   by trade date (not the "settlement" date), beginning with the earliest. You must accurately

16   provide the month, day and year of each transaction you list.

17     C.      The date of covering a "short sale" is deemed to be the date of purchase of

18   UTSI common stock. The date of a "short sale" is deemed to be the date of sale of UTSI

19   common stock. Shares originally sold short will have a Recognized Claim of zero.

20     D.      The price per share, paid or received, should be exclusive of all commissions,

21   taxes, fees and other charges.

22     E.      Copies of broker confirmation slips or monthly statements of your transactions

23   in UTSI common stock must be attached to your claim. If such documents are not in your

24   possession, please obtain equivalent contemporaneous documents from your broker or

25   financial advisor. A complete list of acceptable supporting documentation can be found at the

26   Claims Administrator's website: www.berdonclaims.com (click on "Supporting

27

28

1  Documentation" under "Questions and Procedures").  Failure to provide this documentation

2  could delay verification of your claim or result in rejection of your claim.

3          F.       If your trading activity during the Class Period exceeds 50 transactions, you

4  must provide, in electronic file, all purchase and sale information required in the Schedule of

5  Transactions.  For a copy of instructions and parameters concerning such a submission,

6  contact the Claims Administrator by toll-free phone at (800) 766-3330, by fax: (516) 931-

7  0810, or via the website at www.berdonclaims.com.

8

9                        UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
10                             SAN FRANCISCO DIVISION

11                        *Rudolph v. UTStarcom, Inc., et al*

                                                              **UTSTARCOM**
12                              PROOF OF CLAIM
          Must be received by the Claims Administrator postmarked no later than October 26, 2009
13

14  IV.    **CLAIMANT IDENTIFICATION**
                              *Please Type or Print*
15

16  Beneficial Owner's Name *(as it appears on your brokerage statement)*

17

18  Joint Beneficial Owner's name *(as it appears on your brokerage statement)*

19

20  Street Address

21

22  City                                State              Zip Code

23

24

25  Foreign Province                     Foreign Country

26

    Social Security Number or       **OR**     Tax Payer Identification Number
27  Taxpayer Identification Number

28                                  4

Specify one of the following:

□ Individual/Sole Proprietor   □ Joint Ownership   □ Corporation   □ UGMA Custodian

□ Partnership   □ Pension Plan   □ Estate   □ Trust   □ IRA   □ Other:_____

_____          _____
Area Code & Telephone Number (day)          Area Code & Telephone Number (evening)

_____
Record Owner's Name and Address (if different from beneficial owner listed above)

## V.    SCHEDULE OF TRANSACTIONS IN UTSI COMMON STOCK

A.    State the total number of shares of UTSI common stock owned at the **close** of trading on      September 3, 2002, long or short (*if none, enter "0"; if other than zero, must be documented*): _____

B.    Separately list each and **every puchase** of UTSI common stock during the period September    4, 2002 **through** July 24, 2007 and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Price per Share (excluding commissions, taxes and fees) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.    Separately list each and **every sale** of UTSI common stock during the period September 4,  2002 through July 24, 2007, and provide the following information (*must be documented*):

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Sold | Price per Share (excluding commissions, taxes and fees) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

D.     State the total number of shares of UTSI common stock owned at the close of trading on July        24, 2007, long or short (*if none, enter "0"; if other than zero, must be documented*): _____

E.     Please check applicable box:

[ ]     I certify that the submitting party is **not** an ERISA plan

[ ]     I/We certify that the submitting party is an ERISA plan and has complied with the applicable ERISA exemption

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST READ THE RELEASE AND SIGN ON PAGE _____**

**VI.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I/We submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I/We also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my/our claim as a Class Member and for purposes of enforcing the release set forth herein. I/We further acknowledge that I/we am/are bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I/we have not submitted any other claim covering the same purchases or sales of UTSI common stock during the Class Period and know of no other person having done so on my/our behalf.

**VII.     RELEASE**

A.     I/We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims (defined below) each and all of the Defendants and their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, attorneys, accountants or auditors, banks or investment banks, advisors, personal

1   or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns,

2   spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling

3   interest, any member of an Individual Defendant's immediate family, or any trust of which

4   any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant

5   and/or member(s) of his family (collectively the "Released Persons").

6          B.     "Released Claims" shall collectively mean all claims (including Unknown

7   Claims as defined below), demands, rights, liabilities and causes of action of every nature and

8   description whatsoever, known or unknown, whether or not concealed or hidden, asserted or

9   that might have been asserted, including, without limitation, claims for negligence, gross

10  negligence, breach of fiduciary duty of care and/or loyalty, fraud or violations of any state or

11  federal common law or statutes, rules or regulations, by the Lead Plaintiff or any Class

12  Member against the Released Persons arising out of or based upon (1) the purchase, other

13  acquisition, retention or sale of any securities of UTSI, by Lead Plaintiff or any Class Member

14  during the Class Period, and (2) the events and facts alleged in Lead Plaintiff's Second

15  Amended Complaint concerning UTSI's stock option grants.

16         C.     "Unknown Claims" means any Released Claim that the Lead Plaintiff, any

17  Class Member, and any other persons and entities whose Released Claims are being released

18  do not know or suspect to exist in their favor at the time of the release which, if known by

19  him, her, or it might have affected the decision to compromise the Released Claims, or the

20  decision whether to agree, object, or not object to this settlement.  Upon the Effective Date,

21  the Lead Plaintiff, and any other persons or entities whose claims are being released shall

22  expressly waive and relinquish, and the other Class Members shall be deemed to have, and by

23  operation of the Judgment shall have, expressly waived and relinquished, to the fullest extent

24  permitted by law, the provisions, rights, and benefits conferred by Section 1542 of the

25  California Civil Code, which provides:

26         **A general release does not extend to claims which the creditor does not**

27         **know or suspect to exist in his or her favor at the time of executing the**

28

1       **release, which if known by him or her must have materially affected his or**

2       **her settlement with the debtor.**

3 The Lead Plaintiff, and any other persons or entities whose claims are being released shall

4 also expressly waive and relinquish, and the other Class Members shall also be deemed to

5 have, and by operation of the Judgment shall have, expressly waived and relinquished, to the

6 fullest extent permitted by law, the provisions, rights, and benefits conferred by any law of

7 any state or territory of the United States, or principle of common law, or of international or

8 foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil

9 Code. The Lead Plaintiff or Class Members may hereafter discover facts in addition to or

10 different from those which he, she or it now knows or believes to be true with respect to the

11 subject matter of this release, but it is their intention to finally and forever settle and release

12 the Released Claims notwithstanding any Unknown Claims they may have, as that term is

13 defined in this paragraph.

14       D.     This release shall be of no force or effect unless and until the Court approves

15 the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as

16 defined in the Stipulation).

17

18       E.     I/We hereby warrant and represent that I/we have not assigned or transferred or

19 purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to

20 this release or any other part or portion thereof.

21       F.     I/We hereby warrant and represent that I/we have included information about

22 all of my/our transactions in UTSI common stock which occurred during the Class Period as

23 well as the number of shares of UTSI common stock (if any) held at the close of trading on

24 September 3, 2002 and at the close of trading on July 24, 2007.

25 **VIII.**   **CERTIFICATION**

26 UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT:

27

28                                   8

1
2

    A.     The number shown on this form is my correct Social Security or Taxpayer Identification number.

3

    B.     I/We certify that I am/we are NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code.

4
5
6

**NOTE:**     If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross the word "NOT" in the sentence above.

7
8
9
10
11

    C.     I/We declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned and any supporting documents attached hereto are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim and Release was executed this _____ day of _____ , in _____ , _____

12

      (Month/Year)             (City)            (State/Country)

13
14

_____
Signature of Claimant

15

_____
(Print your name here)

16
17

_____
Signature of Joint Claimant, if any

18

_____
(Print your name here)

19
20

_____
Signature of person signing on behalf of Claimant

21

_____
(Print your name here)

22
23
24

_____
Capacity of person signing on behalf of Claimant, if other than an individual, (e.g., Executor, President, Custodian, etc.)

25
26

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

27

**Reminder Checklist:**

28

1.  Remember to sign the above release and declaration.

2.  Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website.

3.  Do not send originals of securities certificates.

4.  Keep copies of the completed claim form and documentation for your own records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6.  If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

> UTStarcom Securities Litigation
> c/o Berdon Claims Administration LLC
> P.O. Box 9014
> Jericho, NY 11753-8914
> Toll-free phone: (800) 766-3330
> Facsimile: (516) 931-0810
> Website: www.berdonclaims.com

10

Proof of Claim and Release
3:07-CV-04578-SI

# EXHIBIT A-3

1  Mark Punzalan (State Bar No. 247599)
   mpunzalan@finkelsteinthompson.com
2  **FINKELSTEIN THOMPSON LLP**
   100 Bush Street, Suite 1450
3  San Francisco, California 94104
   Telephone: (415) 398-8700
4  Facsimile: (415) 398-8704

5
   [Additional Counsel Listed on Signature Page]
6
7  Counsel for Lead Plaintiff James R. Bartholomew

8
               **UNITED STATES DISTRICT COURT**
9
              **NORTHERN DISTRICT OF CALIFORNIA**
10
                **SAN FRANCISCO DIVISION**
11
   PETER RUDOLPH, individually and on       Case No. 3:07-CV-04578-SI
12 behalf of all others similarly situated,

13              Plaintiff,                   **SUMMARY NOTICE OF PENDENCY
                                             AND PROPOSED SETTLEMENT OF
14         vs.                               CLASS ACTION**

15 UTSTARCOM, HONG LIANG LU, YING            **EXHIBIT A-3**
   WU, MICHAEL SOPHIE, FRANCIS
16 BARTON, AND THOMAS TOY,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
          Summary Notice of Pendency and Proposed Settlement of Class Action
                            3:07-CV-04578-SI

## <u>SUMMARY NOTICE OF PENDENCY OF CLASS ACTION</u>

## <u>AND PROPOSED SETTLEMENT</u>

TO:   ALL PERSONS WHO PURCHASED UTSTARCOM, INC. ("UTSI") COMMON

STOCK DURING THE PERIOD SEPTEMBER 4, 2002 THROUGH JULY 24, 2007,

INCLUSIVE (THE "CLASS")

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Northern District of

California, that a hearing will be held at 9:00 a.m. on September 18, 2009, at the United States

District Court for the Northern District of California, 450 Golden Gate Avenue, San

Francisco, CA 94102, for the purpose of determining (1) whether the proposed settlement of

the claims in the Litigation for the sum of $9,500,000 in cash should be approved by the Court

as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed

with prejudice as against the Defendants and a judgment entered releasing all Released

Claims against Defendants and each of their respective Related Parties as set forth in the

Stipulation of Settlement dated as of May 14, 2009; (3) whether the Plan of Allocation is fair,

reasonable and adequate and therefore should be approved; and (4) whether the application of

Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in

connection with prosecuting this Litigation against the Defendants should be approved.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR

RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE

SETTLEMENT FUND.  If you have not received a detailed Notice of Pendency and Proposed

Settlement of Class Action and a copy of the Proof of Claim and Release form, you may

obtain a copy by contacting the Claims Administrator by mail at UTStarcom Securities

Litigation, c/o Berdon Claims Administration LLC, P.O. Box 9014, Jericho, NY 11753-8914;

by toll-free phone at (800) 766-3330; by fax at (516) 931-0810; or by visiting the website

www.berdonclaims.com.  If you are a Class Member, in order to share in the distribution of

1

1   the Net Settlement Fund, you must submit a Proof of Claim and Release **postmarked no**

2   **later than October 26, 2009**, establishing that you are entitled to recovery.

3         If you desire to be excluded from the Class, you must submit a request for exclusion

4   **postmarked by August 21, 2009**, in the manner and form explained in the detailed Notice

5   referred to above.  All Members of the Class who have not requested exclusion from the Class

6   will be bound by any judgment entered in the Litigation pursuant to the Stipulation of

7   Settlement.

8         Any objection to the settlement must be mailed or delivered such that it is received by

9   each of the following no later than August 21, 2009:

10   **COURT:**

11                    Clerk of the Court
          United States District Court Northern District of California
12                    450 Golden Gate Ave.
                      San Francisco, CA 94102

13

14   **PLAINTIFFS' LEAD COUNSEL:**

                      Donald J. Enright, Esq.
15                 FINKELSTEIN THOMPSON LLP
                      1050 30th Street, N.W.
16                    Washington, D.C. 20007

17   **DEFENSE COUNSEL:**

                      Terry T. Johnson, Esq.
18              WILSON SONSINI GOODRICH & ROSATI
                      650 Page Mill Road
19                    Palo Alto, CA  94304-1050

20

21   **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

22   **REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may

23   contact Lead Counsel at the address listed above.

24

25   DATED: _____, 2009                    BY ORDER OF THE COURT

26

27

28
                                        2
                Summary Notice of Pendency and Proposed Settlement of Class Action
                                  3:07-CV-04578-SI