Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

[Additional Counsel Listed on Signature Page]

Counsel for Lead Plaintiff James R. Bartholomew

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER RUDOLPH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> UTSTARCOM, HONG LIANG LU, YING WU, MICHAEL SOPHIE, FRANCIS BARTON, AND THOMAS TOY, <br><br> Defendants. | Case No. 3:07-CV-04578-SI <br><br> **AMENDED [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** <br><br> Date: September 18, 2009 <br> Time: 9:00 a.m. <br> Room: Courtroom 10, 19th Floor <br> Judge: Hon. Susan Illston |

This matter came before the Court for hearing pursuant to the Order of this Court, dated September 18, 2009, on the motion of the Parties for final approval of the Settlement set forth in the Stipulation of Settlement dated as of May 14, 2009 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just, reasonable and adequate to the Class. The Court also hereby reaffirms its findings and conclusion, set forth in the Notice Order, that, for purposes of the Stipulation and the Settlement, this Class meets the prerequisites for bringing a class action set forth in Federal Rule of Civil Procedure Rule 23(a) and the requirements for maintenance of a class action under Rule 23(b)(3). The Court hereby makes final its previously conditional certification of the Class.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice by the Lead Plaintiff and the other Members of the Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and settlement contained therein, and the Plan of Allocation are fair, reasonable and adequate as to each of the Settling Parties, and that

the Stipulation and settlement contained therein and the Plan of Allocation are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Upon the Effective Date hereof, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all of the Defendants and their respective Related Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release.

7. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims (including Unknown Claims) against the Defendants and their Related Parties.

8. Upon the Effective Date, as defined in ¶1.10 of the Settlement Stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of (i) the Litigation, or (ii) the Released Claims, other than their obligations as Escrow Agents and other obligations provided in this Settlement Stipulation.

9. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

2

[Proposed] Final Judgment Order
3:07-CV-04578-SI

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. In accordance with 15 U.S.C. §78u-4(f)(7)(A), any and all claims for contribution and indemnification arising out of any Released Claim(s), including, but not limited to, any claims that are based upon any matters that were alleged or could have been alleged in the Litigation by any Person or entity against the Defendants or any of the Related Parties are, by operation of this Judgment, hereby permanently barred, extinguished, discharged, satisfied and unenforceable. All Persons are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceeding against any of the Defendants or any of the Related Parties for equitable, partial, comparative or complete contribution, subrogation or indemnity, however denominated, based upon liability for the Released Claims, and the Court finds that all such claims extinguished, discharged, satisfied and unenforceable. Notwithstanding the foregoing, nothing in this Judgment shall apply to, bar or otherwise affect any claim of right to indemnification between UTSI and any present or former officer or director of UTSI, or any claim for insurance coverage by UTSI or any Defendant.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times prosecuted and defended the Litigation in good faith and at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants except as provided for in the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 9/25/09

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

99-40 Florence Street
Chestnut Hill, MA 02467
August 17, 2009

UT Starcom Securities Litigation—Exclusion Requests
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

Dear Sirs:

I am writing this letter to request exclusion from the Class in the Rudolph v. UTStarcom, et al 3:07-CV-04578-SI (N.D. Cal ) litigation.

As Trustee of the Gordon Bloom Trust dated 09/10/2002, on 12/3.2003 I bought 500 shares of UTSTARCOM at $38.49 and sold the shares on 8/09/2004 at $17.32.. According to the terms stated on page 11 of the form sent to me describing the settlement procedure of the class action suit my return would be zero despite the fact my loss was over One dollar per share. Therefore there is no point in my remaining a party in this suit.

I understand that if a class action suit should be brought in the future against UTSTARCOM providing redress to shareholders for losses occurring during the period 12/2003 to 8/ 2004, I would have the right to press my claim and become a party to such suit..

Yours truly,
*Gordon Bloom*
Gordon Bloom, Trustee
Gordon Bloom Trust dated 09/10/2002

9117 Bonny Brook Dr.
San Antonio, TX 78239
July 31, 2009

UTStarcom Securities Litigation – Exclusion Requests
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

Dear Sir:

My wife and I, Juliette C. Brown and Joseph I. Brown, request exclusion from the Class in the Rudolph v. UTStarcom, et al, 3:07-CV-04578-SI (N.D.Cal.) litigation.

The dates, prices and number of shares of all our purchases, acquisitions and sales of UTSI during the Class Period are:

| Dates | Purchase Prices | Number Shares | Sales Price |
|---|---|---|---|
| 3/19/2003 | $ 2,931.00 | 150 | |
| 6/12/2003 | $ 5,733.00 | 175 | |
| 9/07/2004 | | 325 | $ 4,894.50 |

Thank you,

Joseph I. Brown                              Juliette C. Brown
9117 Bonny Brook Dr., San Antonio, TX 78239
Tel. (210) 657-0730

Please exclude me from the Class in the Rudolph v. UTStarcom, et al, 3:07-CV-04578-SI (N.D. Cal.) litigation.

Number of shares of UTStarcom stocks purchased: 200
Date of purchase: 10/31/2005
Price of purchase: ~~$~~ $1128.95
Date of sale: 12/2/2005
Price of sale: $ 1976.97

Following is my information:
Xiangming Kong
Address: 442 E. Wilbur Rd, #205, Thousand Oaks, CA 91360
Daytime phone: 310-923-2280

P.O. Box 14625
Gainesville, FL. 3260
(352) 378-4470
August 13, 2009

Claims Administrator
UTStarcom Securities Litigation -
    Exclusion Requests
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, N.Y. 11753-8914

Dear Sir;

I request exclusion from the Class in the Rudolph vs. UTStarcom, et al, 3:07-CV-04578-SI (N.D. Cal.) litigation.

As required, listed below are transactions in my account of UTStarcom common stock during the Class period between September 4, 2002 and July 24, 2007.

|        | Trade Date         | Price   | No. of Shares |
|--------|--------------------|---------|---------------|
| Bought | July 8, 2003       | $39.95  | 90            |
| Sold   | September 26, 2003 | $32.523 | 90            |

Please let me know if you need any other information. Also please advise that you have received this letter.

Yours truly,
John Klein

JOHN KLEIN

Wells Fargo Advisors
6801 Spring Creek Road
Suite 2B
Rockford, IL 61114
815/637-6363

August 13, 2009

UTStarcom Securities Litigation- Exclusion Requests
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

To Whom It May Concern:

On August 7, 2009, a proof of claim was submitted for the IRA account of Pamela S. Keeling. Upon further review, it was determined that this account is in fact an ERISA plan. It had not been documented as such on the proof of claim submission. Since this is the case, the previous claim must be cancelled. We request exclusion from the Class in the Rudolph v. UTStarcom, et al, 3:07-CV-04578 (N. D. Cal.) litigation. Following are the details of the purchases and sales of UTSI Shares during the Class Period.

Purchases:
06/13/2003   17 shares   @   $31.85/share
07/24/2003   8 shares    @   $43.28/share

Sales:
09/08/2003   25 shares   @   $39.17/share

Thank you for your assistance in this matter.

Sincerely,

*Anna Oldani*

Anna Oldani- Administrator

Claims Administrator  
UTStarcom Securities Litigation-Exclusion Requests  
C/O Berdon Claims Administration LLC  
PO Box 9014  
Jericho, NY 11753-8914

August 10, 2009

Dear Sirs,

I hereby request exclusion from the Class in the Rudolph v. UTStarcom, et al, 3:07-CV-04578-SI (N.D. Cal.) litigation.
We purchased and sold the following shares of common stock in UTStarcom Inc
300 shares purchased 1-7-04, sold 1-7-05 for a loss of $7922.78
200 shares purchased 1-9-04, sold 1-7-05 for a loss of $4,585.83

John and Rebecca Piper, Joint Tenants  
P.O. Box 1654  
Clarksville, Ar 72830  
Telephone # (479) 754-4619

Sincerely,

Raymond P. Liccini, Sr.
7927 Stewart Ave. Westchester, CA 90045-1057
Ph (310) 670-7179; email: liccini@sbcglobal.net

08/19/09

Claims Administrator
UTStarcom Securities Litigation-Exclusions Requests
c/o Berdon Claims Administration LLC
P. O. Box 9014
Jericho, NY 11753-8914

Subject: Case No. 3:07-CV-04578-SI(N. D. Cal.), Peter Rudolf; Plaintiff vs. UTStarcom, Hong Liang Lu, Ying Wu, Michael Sophie, Francis Barton and Thomas Toy; Defendants

Dear Sir, or Madame, Appropriately:

Per instructions page 7 of *Notice of Pendency and Proposed Settlement of Class Action* for subject case, I request exclusion and submit the attached table, page 1, listing all purchases and sales of UTStarcom stock (UTSI) from 7/17/2003 through 10/07/2005 in the required format. As I have read on pages 10 and 11 of subject case settlement instructions, all my shares were sold prior to the close of trading on November 07, 2006 and my *Recognized Claim* per provision (a) page 11, is *Zero* If this is not he case, please inform the undersigned at the provided telephone number, or e-mail address.

In review of UTSI stock purchases and sales it is noteworthy that UTStarcom management made regular and misleading news releases indicating their preferential position in China's communications market by virtue of their simpler design and lower cost phones uniquely compatible for the limited Chinese infrastructure. For this reason the undersigned requests "opting out" of subject litigation under the provisions indicated page 11.

Sincerely yours,

Raymond P. Liccini, Sr.

Raymond P. Liccini
7927 Stewart Ave.
Westchester, CA 90045-1057
(310) 670-7179

UT Starcom (UTSI) Histroy

|    | A | B | C | D |
|----|---|---|---|---|
| 1  |   |   |   |   |
| 2  | Trade Date mm/dd/year | Number of Shares Purchased | Price per Share (Dollars) | Total Cost (Dollars) |
| 3  |   |   |   |   |
| 4  | 07/17/03 | 500 | $39.60 | $19,800.00 |
| 5  |   |   |   |   |
| 6  | 09/08/03 | 500 | $39.85 | $19,925.00 |
| 7  |   |   |   |   |
| 8  | 09/11/03 | 250 | $36.15 | $9,037.50 |
| 9  |   |   |   |   |
| 10 | 10/02/03 | 500 | $34.25 | $17,125.00 |
| 11 |   |   |   |   |
| 12 | 10/17/03 | 250 | $34.00 | $8,500.00 |
| 13 | 10/17/03 | 250 | $34.25 | $8,562.50 |
| 14 |   |   |   |   |
| 15 | 10/22/03 | 250 | $34.75 | $8,687.50 |
| 16 |   |   |   |   |
| 17 | 10/24/03 | 250 | $31.60 | $7,900.00 |
| 18 |   |   |   |   |
| 19 | 11/05/03 | 250 | $34.40 | $8,600.00 |
| 20 |   |   |   |   |
| 21 | 12/04/03 | 250 | $36.98 | $9,245.00 |
| 22 |   |   |   |   |
| 23 | 01/23/04 | 500 | $37.25 | $18,625.00 |
| 24 |   |   |   |   |
| 25 | Total |   |   | $136,007.50 |
| 26 |   |   |   |   |
| 27 | Trade Date mm/dd/year | Number of Shares Sold | Price of Shares | Proceeeds (Dollars) |
| 28 | 09/04/03 | 500 | $43.80 | $21,900.00 |
| 29 |   |   |   |   |
| 30 | 09/09/03 | 500 | $38.22 | $19,110.00 |
| 31 |   |   |   |   |
| 32 | 09/25/03 | 250 | $34.12 | $8,530.50 |
| 33 |   |   |   |   |
| 34 | 10/16/03 | 500 | $35.51 | $17,755.00 |
| 35 |   |   |   |   |
| 36 | 10/24/03 | 750 | $30.90 | $23,175.00 |
| 37 |   |   |   |   |
| 38 | 05/06/05 | 750 | $7.34 | $5,505.00 |
| 39 |   |   |   |   |
| 40 | 10/07/05 | 500 | $5.66 | $2,830.00 |
| 41 |   |   |   |   |
| 42 | Total |   |   | $98,805.50 |

JOHN T WILBER REV TRUST JOHN T WILBER TRUSTEE UAD 09/23/03
9767 VICEROY DRIVE EAST
JACKSONVILLE, FL 32257-5422
Email johnt157@hotmail.com
PHONE: 904-268-4741
FAX: SAME AS PHONE - ON REQUEST ONLY

AUGUST 17, 2009

To UTStarcom Securities Litigation - Exclusion Requests
c/o Berdon Claims Administration LLC
P O Box 9014
Jericho, NY 11753-8914

SUBJECT: Request Exclusion, of Myself and My Trust, from the settlement Class in Rudolph vs. UTStarcom, et al, 3:07-CV-04578-SI (N.D. Cal) litigation

Dear Claims Administrator:

On April 1, 2004 I purchased 100 Shares of the common stock of UTStarcom at a cost of $2,964.00.

On September 21, 2004 I sold 100 Shares of the common stock of UTStarcom at a Sale price of $1,370.00.

I do not wish to be blocked, from my rightful claim, by your frivolous litigation. Exclude me and MY Trust. And, advise via US Mail that this has been accepted by the court.

Sincerely,

*John T Wilber*
John T Wilber, Trustee